*J. M. Flagg*, for the appellants.

*Robert Parrott*, for the appellee.

---

WISEMAN *et al. v.* HUTCHINSON.

NOTICE OF VENDOR'S LIEN.—The recital in a deed that a part of the purchase-money is unpaid, and that it is evidenced by certain notes, and that a lien therefor is retained, constitutes sufficient notice to a subsequent purchaser of the vendor's lien, although such purchaser had no actual notice of such stipulations in the former deed.

Where a subsequent purchaser might learn the existence of a vendor's lien by examining the title deeds which constitute necessary links in the chain of his own title, he will be chargeable with notice of the existence of such lien, although he may not have actually examined those deeds and they may not have been recorded.

APPEAL from the *Ripley* Common Pleas.

WORDEN, J.—Action by *Hutchinson* against *Thomas J. Wiseman* and *Margaret Remlinger* upon a promissory note given by *Wiseman* to the plaintiff, and to enforce a vendor's lien. Judgment for the plaintiff.

The substantial facts involved in the case are, that on the

Wiseman et al. *v.* Hutchinson.

6th of *April*, 1858, one *Joseph Simpson* conveyed to said *Wiseman* certain real estate, and as part of the consideration for the conveyance, by some arrangement between the parties, *Wiseman* executed his note to the plaintiff, *Hutchinson*, for 650 dollars. The deed from *Simpson* to *Wiseman* contains the following clause, viz: "A lien is retained on said premises to secure the payment of a note for 697 dollars and 4 cents, executed by the said *Thomas J. Wiseman* to said *Joseph Simpson*, due on the 6th of *April*, 1859, and a note for 650 dollars, executed by the said *Wiseman* to *Jonathan C. Hutchinson*, due on the 6th of *April*, 1860, the remainder of the purchase-money being paid in hand, said notes and interest, after due, being paid, the lien now herein retained to be null and void, and the premises to become absolute in the said *Thomas J. Wiseman* and his heirs forever."

Afterwards, on the 28th of *August*, 1861, *Wiseman*, for a valuable consideration, sold and conveyed a part of the premises to the defendant, *Remlinger*, who had no actual notice of the stipulations in the deed from *Simpson* to *Wiseman*, and no actual notice of the non-payment of the purchase-money from *Wiseman* to *Simpson*.

The counsel for the appellants discusses but two questions in the case, (except as to the sufficiency of the evidence upon one point which will be noticed hereafter,) and to these questions we shall confine ourselves mainly.

"1. Does the doctrine of vendor's lien prevail in this State under the statutes of 1852?

"2. Was the recital in the deed of *Simpson* to *Wiseman*, that the note in suit was unpaid, and that it was a lien on the premises until paid, sufficient notice to *Margaret Remlinger*, she being a purchaser from *Wiseman*, for a valuable consideration, with no other notice?"

Both these questions must be answered affirmatively. There is nothing that we are aware of, in the statutes of

1852, that changes the law on that subject. The argument advanced is that, by the statutes of 1852, the Legislature intended, by providing a general system for the registry of deeds and mortgages in different books properly indexed, "to furnish an easy, plain and complete reference, where the citizen can see at a glance the chain of title by reference to the index of deeds, and ascertain the liens on the same by referring to the index of mortgages," and hence, that the equitable lien, which a vendor had for his purchase-money, is abrogated. We can not concur in this conclusion. Much of the reasoning would apply to every revision of the statutes that has ever been had. There are many cases, since the revision of 1852, where the vendor's lien has been recognized and enforced. *Fisher* v. *Johnson*, 5 Ind., 492; *Kern* v. *Hazlerigg*, 11 Ind., 443; *Scott* v. *Crawford*, 12 Ind., 410; *Dibble* v. *Mitchell*, 15 Ind., 435.

We pass to the second question. We think it clear that the defendant, *Remlinger*, in purchasing from *Wiseman* a part of the land he had thus bought of *Simpson*, was bound to notice the fact thus recited in the conveyance from *Simpson* to *Wiseman*, that the purchase-money was not paid. 1 Story Eq., sec. 400. In *Hilliard on Mort.*, Vol. I., page 632, it is laid down, that if the purchaser might learn the existence of the lien by examining the first vendor's title deeds, he is chargeable with notice of the existence of such lien. This view is fully sustained by the cases of *Honore's* Ex'r v. *Bakewell*, 6 B. Monroe, 67; *Thornton*, &c. v. *Knox's* Ex'r, *id.*, 74; *Tiernan* v. *Thurman*, 14 B. Monroe, 277. The case of *Honore's* Ex'r v. *Bakewell*, above cited, is also an authority that supports the lien in favor of *Hutchinson*, to whom a part of the consideration was to be paid.

The point made on the evidence is, that it does not appear that the deed from *Simpson* to *Wiseman* was ever put upon record, and therefore that the defendant, *Remlinger*, was

Wiseman et al. *v.* Hutchinson.

under no obligation to notice it. There is nothing in this objection. The registry laws have no application to the case. The defendant, *Remlinger*, was bound to notice the recitals in the deed from *Simpson* to *Wiseman*, not because that deed was recorded, but because she claimed through it. That deed constitutes a part of her chain of title, and she was bound to know its contents and recitals, whether it was recorded or otherwise.

*Per Curiam.*—The judgment is affirmed, with costs, and 1 per cent. damages.

*Edwin P. Ferris*, for the appellants.[1]

*Oscar B. Hord* and *Cortez Ewing*, for the appellee.[2]

(1) The counsel for the appellant urged the proposition, that the doctrine of an equitable lien in favor of the vendor of real estate for unpaid purchase-money, as against a subsequent purchaser, without *actual* notice, is inconsistent with our system of registry of mortgages, and ought not to be sustained by the Courts. He cited *Philbrock* v. *Delano*, 29 Maine, 414; 1 *Hill on Mort.*, 619, *et seq.*