KESSLER *v.* THE STATE, on the relation of WILSON.

RECORD OF MORTGAGES. — ENTRY BOOK. — Where a mortgage is left for record with the recorder, and is entered by him in the entry book, as required by the statute, it must be deemed to be recorded from the date of its reception, as noted on the entry book, and no injury can result to any one from a failure of the recorder actually to record the instrument.

APPEAL from the *Tipton* Circuit Court.

ABSTRACT.

The State, on the relation of *Wilson,* filed her complaint, averring that appellants, and one *John S. Kessler,* now deceased, on the 20th day of *November,* 1859, jointly and severally bound themselves to the State of *Indiana,* in the sum of $2000, conditioned to the effect that said *Kessler,* who before that time had been elected recorder of said *Tipton* county, should well and faithfully discharge the duties of said office during the term for which he was elected, a copy of which official bond is filed with the complaint; that said *Kessler* committed a breach of said bond in this, that on the 7th day of *August,* 1862, one *William Barr* executed and delivered to the relator a mortgage on a steam engine and boiler, a shingle machine, and all the tools and fixtures to the same belonging, to secure the payment of a note executed by said *Barr* to the relator, for $128 40, which note and instrument purporting to be a mortgage, are filed with the complaint. The complaint then further avers the note to be wholly unpaid, and that immediately on the execution of the mortgage, the relator left it with said recorder for record, paying the recorder his fee therefor; that said recorder failed to record the same, and that, thereafter, said *Barr* sold said mortgaged property to an innocent purchaser, before the maturity of said note, and before the time had arrived when, according to the terms of the mortgage, the relator was entitled to the possession of the

property, and that *Barr* immediately afterward left the state, wholly insolvent, and that the mortgaged property was amply sufficient to have secured the payment of the note; that by said *Kessler's* failure to record the mortgage, the relator wholly lost said debt, whereby appellants became liable to pay.

Appellants filed their demurrer to the complaint, assigning for cause that the complaint did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court. The appellants then filed their answer in denial.

The cause was submitted to the court for trial. The relator introduced in evidence the official bond of said *Kessler*, executed by him with appellants, his sureties, and proved that, on the 7th day of *August*, 1862, said *Barr* delivered to relator an instrument purporting to be a mortgage on one steam engine and boiler, one shingle machine, and all the tools and fixtures to the same belonging, which instrument was then introduced in evidence by the relator, and that said instrument was given to secure the payment of the note introduced by the relator in evidence. This further evidence is then given by the parties: that, afterward, *Barr* sold the mortgaged property to an innocent purchaser, before the note matured, and before the arrival of the time when the relator was entitled to the possession of said property, and that *Barr* immediately thereafter left the state, wholly insolvent, and that the mortgaged property was amply sufficient to have paid the note; that the mortgage was left at the said recorder's office in *Tipton* county, on the day it was acknowledged, the fee for recording the same paid, the time of receiving it indorsed by the recorder, and the fact of so receiving the instrument, purporting to be a mortgage, entered on the "entry book," kept by the recorder, and that the said instrument, in fact, never was recorded, nor subscribed by the mortgagor.

The court thereupon found for the appellee, and assessed

Kessler *v.* The State, on the relation of Wilson.

her damages at $136 50, for the use of the relator. Thereupon the appellants moved the court for a new trial, but the motion was overruled, and judgment rendered for appellee for $136 50.

RAY, J.—Our statute provides, (1 G. & H., § 29, p. 265,) that "every recorder of deeds shall keep a book, each page of which shall be divided into five columns, headed as follows, to-wit: date of reception; names of grantors; names of grantees; description of lands; volume and page where recorded. And the recorder shall enter in said book, all deeds and *other instruments* left with him to be recorded; noting in the first column the day and hour of receiving such instrument, and the other particulars in the appropriate columns; and every such deed or instrument shall be deemed as recorded at the time so noted."

The evidence shows that the recorder had so noted the mortgage upon his entry book, as required by the law, and it must, therefore, "be deemed as recorded," and no injury could have resulted to the relator by reason of any failure actually to record the mortgage. An examination of the entry book, which is as much a record required by the statute to be kept as any other book of record in that office, would have disclosed all the material facts, and given actual notice of the contents of the mortgage. The provision of the statute we have quoted renders it unnecessary that we should pass upon any of the points presented by the appellant's brief.

The judgment is reversed, and a new trial ordered. Costs against appellee.

*N. R. Linsday* and *J. A. Lewis,* for appellant.

*D. Moss,* for appellee.