*Gilchrist v. Gough et al.*

---

## GILCHRIST v. GOUGH ET AL.

**MORTGAGE.**—*Purchaser for Valuable Consideration.— Pre-existing Debt.— Extension of Payment.*— One who obtains the execution of a mortgage to secure the payment of a pre-existing debt, in consideration of an extension thereby made of the time of payment, is a purchaser for a valuable consideration.

**SAME.**—*Mortgage Recorded after Time.—Notice.*—Though a mortgage be not recorded until after the time prescribed by law, yet the record thereof is notice to all purchasers or encumbrancers subsequent to the recording.

**SAME.**—*Extent of Notice.*—Such record is notice of its own contents, and of the existence of the mortgage of which it purports to be a record, but not of the contents of such mortgage.

**SAME.**—*Entry Book.—Case Overruled.*—The entry book kept by the recorder pursuant to section 29 of the act concerning the alienation of real property, etc., 1 R. S. 1876. p. 367, is notice of the exact time of reception, the names of the grantor and grantee, the description of the lands conveyed, the date and existence, but not of the contents, of a mortgage or other conveyance which has been entered therein and recorded. *Kessler* v. *The State, ex rel., etc.*, 24 Ind. 313, overruled.

**SAME.**—*Index.*—The index of mortgages and other conveyances, kept by the recorder pursuant to section 3 of the act prescribing his duties, etc., 1 R. S. 1876, p. 758, is not notice of the amount of the consideration of any such instrument, even though the index specify such amount.

SAME.—*Mistake of Record, as to Amount of Debt.—Priorities.*—A mortgage on real estate was so entered in the . entry book, and also indexed, as to show the true amount of the mortgage debt. but by a mistake in recording, made without the knowledge of the mortgagee, the record showed the amount of such debt to be much less than it really was. Subsequently the same land was mortgaged to one who had no actual knowledge of the existence of the prior mortgage.

*Held*, in an action for the foreclosure of the first mortgage, against the mortgagee of the second mortgage, that, except as to the amount of the first mortgage debt shown by the record, the second mortgage has priority over the first.

From the Henry Circuit Court.

*J. C. McIntosh*, *M. E. Forkner* and *E. H. Bundy*, for appellant.

*J. Brown*, *S. H. Buskirk* and *J. W. Nichol*, for appellees.

HOWK, C. J.—This was a suit by the appellant, as plaintiff, against the appellees, as defendants, for the foreclosure of a certain mortgage, and the recovery of the mortgage debt.

In his complaint, the appellant alleged, in substance, that, on the 1st day of March, 1869, the appellees Charles T. Gough and Mary C. Gough, his wife, .conveyed, mortgaged and warranted unto the appellant certain real estate, particularly described, in Henry county, Indiana, containing one hundred and ten acres; that the said mortgage was duly recorded in the recorder's office of said Henry county, on the 15th day of May, 1871, and was filed with and made part of said complaint; that the mortgage was given to secure the payment of a debt evidenced by a note of even date therewith, for five thousand dollars, executed by the appellee Charles T. Gough,.and payable to the appellant three years after the date thereof, with interest at the rate of nine per centum per annum; that the said note and mortgage were executed to the appellant in consideration of five thousand dollars on that day loaned by him to said Charles T. Gough, and for no other consideration.; that, on

VOL. LXIII.—37

the 1st day of March, 1872, the appellee Charles T. Gough executed to the appellant his certain other note of that date, whereby he promised to pay the appellant the sum of one thousand four hundred and seventy-five dollars, three months after date, with interest at the rate of nine per cent. per annum until paid, both of which said notes were filed with and made parts of said complaint; that the last described note was given for the accrued interest on the note first described, and for no other or different consideration, and was but another evidence of a part of the debt evidenced by said first described note and secured by said mortgage; that there was due the appellant, on the said debt secured by said mortgage and evidenced by said notes, the sum of eight thousand dollars, which was wholly unpaid; that, on the 14th day of February, 1874, the said Charles T. Gough and his said wife conveyed and mortgaged the said property to the appellee Jacob V. Hoffman, to secure a debt evidenced by a note of that date, due in twelve months from the date thereof, payable to the order of said Hoffman, for three thousand five hundred dollars, with ten per cent. interest from date; that, on the 10th day of July, 1874, the said Gough and his said wife again conveyed and mortgaged the said real estate to the said Hoffman, to secure a debt evidenced by a note of that date, for one thousand dollars, executed by said Charles T. Gough, and payable to said Hoffman in one year after the date thereof; and that, on the —— day of March, 1875, the said Charles T. Gough made and executed to the appellees Elisha Clift and John Kepler a general assignment of all his property for the benefit of his creditors, in which assignment the said mortgaged real estate was assigned and transferred by him to them, for the benefit of his creditors; that, at the time said assignment was made, the said Charles T. Gough was in embarrassed and failing circumstances, and that the said Clift and Kepler have qualified, as re-

quired by law, and entered upon the discharge of the duties of their trust as such assignees.   Wherefore, etc.

All the defendants to the action, except said Jacob V. Hoffman, made default.   Hoffman appeared, and answered in three paragraphs, the first setting up affirmative defences to the appellant's cause of action, the third paragraph of said answer being in the nature of a counter-claim, or cross complaint as it is called, against the appellant and the codefendants of said Hoffman, and the second paragraph being a general denial.

The appellant demurred to the first and third paragraphs of the answer, upon the ground, as to each paragraph, that it did not state facts sufficient to constitute a defence to the appellant's cause of action.   The appellant also demurred to said Hoffman's cross complaint, upon the ground that it did not state facts sufficient to constitute a cause of action against the appellant.   Which demurrers were severally overruled as to the first and third paragraphs of answer, and as to said Hoffman's cross complaint, to which decisions of the court the appellant excepted.

The appellant replied, in four paragraphs, to the first and third paragraphs of the answer of the appellee Hoffman, and to his cross complaint.   The first, third and fourth of these replies set up affirmative matters, and to each of these replies the appellee Hoffman demurred for the alleged insufficiency of the facts therein to constitute a reply to the said paragraphs of his answer and his cross complaint, which demurrers were sustained by the court as to the first and fourth replies, and to these decisions the appellant excepted.

The second reply was a general denial.

The demurrer of the appellee Hoffman to the third reply and answer to the cross complaint was overruled, and said Hoffman then replied thereto by a general denial.

Gilchrist *v.* Gough *et al.*

The issues joined were tried by a jury, and a verdict was returned, as follows :

" We, the jury, find for the plaintiff " (the appellant), " against the defendants Gough and Gough and Kepler and Clift, and assess his damages at $7,958.75.

" We, the jury, further find for the defendant Hoffman, as against the defendants Gough and Gough and Kepler and Clift, and assess his damages at $5,368.53.

" We, the jury, further find, as to the issues joined between the plaintiff and defendant Hoffman, for the defendant Hoffman."

The appellant's motion for a new trial was overruled, and to this ruling he excepted, and judgment was rendered upon and in accordance with the verdict of the jury, from which judgment this appeal is now prosecuted.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court :·

1. In overruling his demurrer to the first paragraph of the answer of the appellee Hoffman ;

2. In overruling his demurrer to the third paragraph of said answer ;

3. In overruling his demurrer to the cross complaint of said Hoffman ;

4. In sustaining said Hoffman's demurrer " to the first and third [fourth ?] paragraphs" of the appellant's reply, and in sustaining said demurrer " to the first and· third [fourth ?] paragraphs" of the appellant's answer to said Hoffman's cross complaint ; and,

5. In overruling the appellant's motion for a new trial.

As necessary to a proper understanding of this cause, and of the important and controlling questions therein, and of our decision of those questions, we will first give a summary of the facts of the case, as we gather the same from the record.    On the 1st day of March, 1869, the de-

Gilchrist *v.* Gough *et al.*

fendants Charles T. Gough and Mary C., his wife, executed to the appellant the mortgage described in his complaint in this action, conveying to him the real estate in Henry county, particularly described in said mortgage, as security for the payment of a debt of five thousand dollars, evidenced by the promissory note of said Charles T. Gough, of even date with said mortgage, payable three years after its date, to the appellant, with interest thereon at the rate of nine per centum per annum. The consideration of said note and mortgage was the loan of five thousand dollars, by the appellant, to said Charles T. Gough.

On the 15th day of May, 1871, the appellant left the said mortgage for record, with the recorder of Henry county, at the recorder's office of said county. The recorder entered the mortgage in the "Entry Book" of his office, in the appropriate columns thereof, showing the exact date and hour the mortgage was left with him, the date and character of the instrument, the names of the grantor and grantee therein, and the book and page, of his office, on which the mortgage was recorded. The mortgage was recorded on the day last named, in the proper mortgage record of the recorder's office of said county ; but, in recording the mortgage in this record, the recorder, by mistake or oversight, wrote the words "five hundred dollars," instead of the words "five thousand dollars," which latter words were the words in the original mortgage ; so that the record of the mortgage only showed a mortgage to the appellant, from Charles T. Gough and his wife, for five hundred dollars, instead of showing a mortgage for five thousand dollars, as the fact was, which the record of the mortgage ought to have shown. After the mortgage had been thus recorded, the original mortgage was delivered to the appellant, and was by him taken away from the recorder's office, neither he nor the recorder

having discovered, or having any knowledge of, the mistake which had been made in the record of said mortgage.

In the "Index of Mortgages," in the recorder's office of said county, the mortgage was entered, specifying in a column thereof, provided for that purpose, that said mortgage was for five thousand dollars.

On the 10th day of February, 1874, the said Charles T. Gough and his wife executed a mortgage, conveying to the appellee Jacob V. Hoffman the same real estate described in the appellant's said mortgage, to secure the payment of a debt evidenced by the note of said Charles T. Gough, of even date with said mortgage, for the sum of thirty-five hundred dollars, payable twelve months after the date thereof, to said Jacob V. Hoffman, with ten per cent. interest from date. This mortgage was duly recorded in the recorder's office of said Henry county, on the 9th day of May, 1874.

On the 10th day of July, 1874, the said Gough and his wife executed another mortgage, conveying to the appellee Hoffman the same real estate, as security for the payment of another note. of the same date with said mortgage, executed by said Charles T. Gough, and payable twelve months after date to said Hoffman, with ten per cent. interest from date. This latter mortgage was also recorded in the recorder's office of said county, on the —— day of ————, 1874.

The consideration of each of the said two notes executed by said Gough to said Hoffman was the prior indebtedness of the former to the latter, for money loaned and goods sold and delivered, to an amount in excess of the aggregate amount of said two notes, and the extension of time or credit given by each of said notes for the payment of the amount thereof.

At the times when the appellee Hoffman took and received his said two mortgages from Gough and his wife,

on said real estate, he had no notice nor knowledge, actual or constructive, of the appellant's prior mortgage thereon, or of the amount of said mortgage, except such as he had obtained, or might have obtained, from the records of the recorder's office of said Henry county.

Upon the foregoing facts, the question presented for decision, in the language of appellant's counsel in their argument of this cause in this court, is "the one single question of the priority of the mortgages." The learned counsel then say: "This question involves three other questions:

"1. Was Hoffman, under the above statement of facts, a *bona fide* purchaser or mortgagee, for value?

"2d. Where a mortgage is properly filed in the recorder's office, and properly entered in the 'entry book,' but is afterward, by mistake, misrecorded without the fault of the mortgagee, does it take priority over a subsequent *bona fide* mortgage, upon a valuable consideration, without notice?

"3d. Was the actual knowledge that the mortgage was indexed as one for $5,000.00, sufficient to put the subsequent mortgagee on inquiry, and charge him with notice of the mistake in the record and of the true amount of the mortgage?"

We will consider and decide these several questions in the same order in which counsel have numbered them.

1. It is conceded by the appellant's attorneys, that, by the law as stated by this court in the case of *Work* v. *Brayton,* 5 Ind. 396, the appellee Hoffman was a *bona fide* purchaser or mortgagee for value, and we are asked to reconsider the doctrine of that case, that a mortgage of real estate, given to secure a precedent debt, is founded upon a valuable consideration. Upon this point, the case cited has been approved by this court in a number of more recent decisions. *Nutter* v. *Harris,* 9 Ind. 88; *Wright* v.

*Bundy,* 11 Ind. 398; *McMahan* v. *Morrison,* 16 Ind. 172; *Babcock* v. *Jordan,* 24 Ind. 14; and *Brannon* v. *May,* 42 Ind. 92.

On the point now under consideration, the cases cited have never been expressly overruled; but the doctrine of those cases was modified by this court, in the later case of *Busenbarke* v. *Ramey,* 53 Ind. 499, to such an extent as to virtually overrule the previous cases. In the case last cited, it was held, in substance, and we think correctly, that the mortgagee who takes a mortgage to secure a pre-existing debt, the time of payment not being extended, or no securities being surrendered, or nothing of value being parted with, is not a purchaser for a valuable consideration, within the meaning of that expression as used in the law. In support of this doctrine, in addition to the authorities cited in the case of *Busenbarke* v. *Ramey, supra,* we cite the following: 2 White & Tudor's Leading Cases in Equity, part 1, p. 83, *et seq.; Johnson* v. *Graves,* 27 Ark. 557; *Ashton's Appeal,* 73 Pa. State, 153; and *Cary* v. *White,* 52 N. Y. 138, 141.

It will be readily seen, however, from our statement of the facts of this case, that, under the law as we have stated it, the appellee Hoffman must be regarded as a purchaser or mortgagee, for a valuable consideration, as to each of his said mortgages. For it appeared that, in each of said mortgages, the time of payment of the pre-existing indebtedness, to secure which the mortgage was given, had been extended for the term of one year, and this extension of time, as we have seen, was sufficient to make him a purchaser or mortgagee for a valuable consideration, as to each of the mortgages.

2. In section 16 of "An act concerning real property and the alienation thereof," approved May 6th, 1852, it is provided, in substance, that every mortgage or conveyance of land, or of any interest therein, and every lease for more

than three years, shall be recorded in the recorder's office of the county where such land shall be situated ; and every conveyance or lease, not so recorded in forty-five days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser, lessee or mortgagee in good faith and for a valuable consideration. 1 R. S. 1876, p. 365. The mortgage to the appellant, described in his complaint, was not recorded in the recorder's office of Henry county, until long after the expiration of the time, then ninety days, within which the statute required that it should be recorded. It has been repeatedly decided by this court, however, that the record of a conveyance, not recorded within the period of time limited by the statute, but after the expiration of that time, would constitute notice to all purchasers after the conveyance had been placed upon record. *Meni* v. *Rathbone*, 21 Ind. 454 ; *Runyan* v. *McClellan*, 24 Ind. 165 ; *Trisler* v. *Trisler*, 38 Ind. 282 ; *Brannon* v. *May*, 42 Ind. 92.

It will be seen from our statement of the facts of this case, that the appellant's mortgage was recorded in the proper recorder's office, more than two years before either of the two mortgages held by the appellee Hoffman had been executed. It is not questioned, therefore, that the record of the appellant's mortgage constituted notice to the appellee Hoffman, at the time he took his said two mortgages on the same real estate covered by the appellant's mortgage. Such record of said mortgage, however, was only notice, whether actual or constructive, of the existence and record of the mortgage and of the contents of such record. This proposition is so manifestly true and correct, that the appellant's counsel, as we understand them, do not call it in question. It is claimed, however, as will be seen from the second question, above set out, of the appellant's attorneys, that, where a mortgage has been properly filed for record in the recorder's office, and properly entered in

the "entry book" of said office, but has been afterward, by mistake, erroneously recorded, without any fault of the mortgagee, such mortgage would take priority over a subsequent *bona fide* mortgage upon a valuable consideration, without notice.

It seems to us that the second question, as stated by counsel, does not accurately present the precise point intended to be presented thereby. The position of the appellant's attorneys on the point under consideration, if we correctly understand them, is this: Where a mortgage has been properly filed for record, and properly entered in the "entry book" of the proper recorder's office, and afterward, by mistake and without any fault of the mortgagee, has been erroneously recorded, every subsequent *bona fide* purchaser or mortgagee, for a valuable consideration, is affected by law with notice of the actual contents of the mortgage itself, without regard to the contents of the record of the mortgage. In support of this position, counsel rely upon the provisions of section 29 of the act before referred to, concerning real property and the alienation thereof, which section reads as follows:

"SEC. 29. Every recorder of deeds shall keep a book, each page of which shall be divided into five columns, headed as follows, to wit:

| DATE OF RECEPTION. | NAMES OF GRANTORS. | NAMES OF GRANTEES. | DESCRIPTION OF LANDS. | VOLUME AND PAGE WHERE RECORDED. |
| --- | --- | --- | --- | --- |

"And the recorder shall enter in said book, all deeds and other instruments left with him to be recorded; noting in the first column the day and hour of receiving such deed or instrument, and the other particulars in the appropriate column; and every such deed or instrument shall be deemed as recorded at the time so noted." 1 R. S. 1876, p. 367.

It seems to us, that this section of the statute does not sustain the position of the appellant's attorneys, as we understand their position. It is true, that, under this section, every deed or instrument left with the proper recorder for record, " shall be deemed as recorded" at the day and hour the recorder shall enter the same in the " entry book " of such recorder's office. The record made in this " entry book," under the law, is notice only of those matters which the statute requires shall be entered in the different columns of said book. It is not, and was not intended to be, notice of any act, matter or thing of which the statute does not, in express terms, require an entry to be made in the appropriate column of said " entry book." The entries there made of the matters specified in the statute are notice of those matters, and no others, to all parties interested. They are notice of the existence of the deed or other instrument, of the exact date of its reception for record, of the parties thereto, grantors and grantees, and of the description of the lands to be affected thereby; but the fact, that an entry must also be made of the volume and page where such deed or other instrument will be found of record, shows very clearly, we think, that it never was intended that these entries in the " entry book " should be notice of the contents of such deed or instrument.

The appellant's counsel, in support of their position, have cited the case of *Kessler* v. *The State, ex rel., etc.,* 24 Ind. 313. That was a suit on the official bond of Kessler, the recorder of Tipton county, to recover damages for an alleged failure to discharge his official duty. The breach assigned was, that the recorder had wholly failed to record a certain chattel mortgage, which had been left with him for record, by means whereof the mortgagee had lost his mortgage debt. The appellee's relator had judgment below, and on appeal to this court, the record showing that the recorder had made the proper entries in relation to said mortgage, in the " en-

try book " of his office, the judgment was reversed.   The decision was founded upon said section 29, before cited, of the act concerning real property and the alienation thereof.   The  section  cited  was  not  applicable  to a mortgage of chattels, and  the  decision  of  the  court in that case can not be sustained.   The case cited is over-ruled.

There is a wide and marked difference, however, between a case where there has been no record made of a mortgage, other than the  proper  entries  in  relation thereto, in the " entry book " of the proper office, and the case where, as in the case at bar, the mortgage has been recorded, but, by mistake of the recorder, and without any fault of the mort-gagee, it has been erroneously recorded.   The former case is not presented by the record of this cause, and we need not and do not decide what would be the effect of the en-tries in the " entry book " of the appellant's mortgage, if no other record of said mortgage had been made in the proper recorder's office.

In the entries in the " entry book " in the recorder's office of Henry county, in relation to the appellant's mort-gage, reference is made, in the appropriate column, to the volume and page where said mortgage was recorded.   It was there recorded, by the recorder's mistake and without the appellant's fault, as a mortgage for five hundred dol-lars, instead of for five thousand dollars as in the original mortgage.   There was nothing in the entries in the " entry book," in relation to said mortgage, to indicate that it had been given for any other or different sum than the sum of five hundred dollars, as expressed in the record of said mortgage.

The record of the mortgage alone affected the appel-lee Hoffman with notice of the mortgage, and of the contents of such record.   As to Hoffman, who was, as we have seen, a mortgagee in good faith and for a valuable

consideration, it seems clear to us, that the record of the appellant's mortgage was notice only to the extent of five hundred dollars, the sum expressed in such record, and interest thereon.   In support of this conclusion, and for the benefit of those who may wish to examine them, we cite in this connection the following authorities, for which we are indebted to the industry of the learned attorneys of the appellee Hoffman:   *Frost* v. *Beekman*, 1 Johns. Ch. 288; *Beekman* v. *Frost*, 18 Johns. 544: *The New York Life Ins. Co.* v. *White*, 17 N. Y. 469; *Jennings* v. *Wood*, 20 Ohio, 261; *Brown* v. *Kirkman*, 1 Ohio State, 116; *Sawyer* v. *Adams*, 8 Vt. 172; *Sanger* v. *Crague*, 10 Vt. 555; *Luch's Appeal*, 44 Pa. State, 519; *Speer* v. *Evans*, 47 Pa. State, 141; *Schell* v. *Stein*, 76 Pa. State, 398; *Miller* v. *Bradford*, 12 Iowa, 14; *Barney* v. *McCarty*, 15 Iowa, 510; *Lally* v. *Holland*, 1 Swan, 396; *Shepherd* v. *Burkhalter*, 13 Ga. 443; *Chamberlain* v. *Bell*, 7 Cal. 292; *Barnard* v. *Campau*, 29 Mich. 162; *Terrell* v. *Andrew County*, 44 Mo. 309; *Brydon* v. *Campbell*, 40 Md. 331.

3.   The third question, stated by the appellant's counsel as involved in the record of this cause, was this: "Was the actual knowledge that the mortgage was indexed as one for $5,000.00, sufficient to put the subsequent mortgagee, on inquiry, and charge him with notice of the mistake in the record and of the true amount of the mortgage."

We have two statutes in this State, which provide for indexes to the records of the recorder's office in each county.   In section 1 of an act authorizing recorders to make out complete or general indexes, etc., approved February 16th, 1852, it is provided, that " Such index shall be double, giving the name of each grantor and grantee alphabetically, a concise description of the premises, the date of the deed, together with the number or letter of the book, and the page in which each deed is recorded."   1 R. S. 1876, p. 757.

In section 3 of "An act to provide for the election, and prescribing certain duties of recorder," approved May 31st, 1852, it is provided, that the recorder shall make a complete index of all the instruments recorded, for each volume, which should contain "The name of each grantor, promiser or covenanter, in alphabetical order referring to the proper grantee, promisee or covenantee; and also the name of each grantee, promisee or covenantee, in the same order, referring to the proper grantor, promiser or covenanter." 1 R. S. 1876, p. 759.

It will be seen from these provisions, that the recorder is not required by law to note in any indexes the amount of any mortgage recorded in his office. Therefore, it seems to us, that a memorandum of the amount of a mortgage, made by a recorder in any index of his office, is not notice, actual or constructive, of any matter which other persons are bound to take notice of. The object of an index to records is to point out the book and page in which a particular record may be found; and if a person should find that there was a discrepancy or variance between the index to the record and the record itself, as to a matter which the record was obliged to contain, and the index was not required to contain, we think that he might well and reasonably conclude that the record was right and the index was wrong, without any further inquiry. Such discrepancy or variance would certainly not be sufficient to charge a subsequent mortgagee in good faith and for a valuable consideration, with notice that the index was right and the record was wrong, or of the true amount of the mortgage.

What we have hitherto said in this opinion disposes of all the errors assigned by the appellant, which call in question the decisions of the circuit court on the pleadings. There was no error in any of those decisions. The fact, that the appellant's mortgage was entitled to priority over

Gilchrist *v.* Gough *et al.*

the mortgages of the appellee Hoffman, to the extent of the amount shown in and by the record of the appellant's mortgage, was a fact recognized by said appellee in his pleadings, and acted upon by the court in its decisions, both in overruling the appellant's demurrers to the appellee's answers and cross complaint, and in sustaining appellee's demurrers to the appellant's replies.

We think it is unnecessary for us to set out even the substance of any of these pleadings. They were intended to, and did, fairly present the precise questions which have been fully considered in this opinion.

Under the alleged error of the circuit court in overruling the motion for a new trial, the counsel of the appellee Hoffman have briefly discussed in argument several alleged errors of law occurring at the trial, in the introduction of evidence and in giving and refusing to give certain instructions to the jury trying the cause. We have carefully examined and considered each and all of these alleged errors of law, and have been led to the conclusion, that none of them are well assigned, or available to the appellant for a reversal of the judgment below.

After a careful and thorough examination of the record of this action, and upon full consideration of the able and exhaustive briefs of the learned counsel of the respective parties, it has seemed clear to us, " that the merits of the cause have been fairly tried and determined in the court below."

In such a case, the statute forbids that the "judgment be stayed or reversed, in whole or in part." 2 R. S. 1876, p. 246, sec. 580.

The judgment is affirmed, at the costs of the appellant.

Petition for a rehearing overruled.