No. 11,157.

THE STATE, EX REL. LOWRY, v. DAVIS ET AL.

OFFICIAL BOND.—*County Recorder.*—*Statute Construed.*—The official bond of a county recorder, given pursuant to section 5929, is binding upon the principal and his sureties therein, under the provisions of section 5528, R. S. 1881, for the faithful discharge of all duties required of such officer by any law, then or subsequently in force, for the use of any person injured by any breach of the condition thereof.

WARRANTY DEED.—*Grantee's Assumption of Encumbrance.*—*Personal Debt of Grantee.*—*Grantor, Grantee's Surety.*—Where the grantee in a warranty deed, containing his agreement to assume and pay the sum of five hundred dollars, as secured by mortgage given by the grantor on the land conveyed to a certain named person, accepts such deed, then, as between the grantee and the grantor, the sum of five hundred dollars, as a part of the mortgage debt, although evidenced by the grantor's notes, becomes the personal debt of the grantee, and the land conveyed to the grantee, notwithstanding the warranty in the grantor's deed, becomes and is bound for the payment of such debt.

RECORD OF DEED.—*Mistake in Record as to Amount of Grantee's Assumption of Encumbrance.*—*Liability of Recorder.*—*Notice.*—The record of any instrument, entitled to be recorded, is only notice of the existence and

record of such instrument and of the contents, *not* of the instrument itself, but *only* of such record. Where, therefore, a deed containing the grantee's agreement to assume and pay the sum of five hundred dollars as a part of the mortgage debt on the land conveyed, by the mistake of the recorder, is so recorded as to show the grantee's assumption of only two hundred dollars of such mortgage debt, the recorder and his sureties are liable, upon his official bond, for the damages sustained by the grantor in such deed by reason of such mistake.

From the Madison Circuit Court.

*J. W. Sansberry, M. A. Chipman* and *J. W. Sansberry, Jr.,* for appellant.

*C. L. Henry* and *H. C. Ryan,* for appellees.

HOWK, C. J.—In this case, the joint demurrers of the appellees were sustained by the court to each paragraph of the relator's complaint, for the alleged want of sufficient facts therein to constitute a cause of action. The relator excepted to each of these rulings, and, declining to amend or plead further, judgment was rendered against him for appellee's costs. From this judgment he has appealed to this court and has here assigned, as errors, the decisions of the circuit court in sustaining appellees' demurrers to each paragraph of his complaint.

The relator's complaint contained two paragraphs, in each of which he declared upon the official bond of the appellee, Albert C. Davis, as the recorder of Madison county, against him and the other appellees as his sureties therein. In the first paragraph of his complaint, the relator alleged that at the general election held in Madison county, in October, 1878, the appellee Davis was duly and legally elected recorder of such county, for the term of four years from and after the — day of November, 1878, and was qualified according to law and entered upon the discharge of his official duties as such recorder; that, on the day last named, he and the other appellees, as his sureties, executed the bond in suit in the penal sum of $2,000, payable to the State of Indiana and conditioned, as required by law, that if he, Albert C. Davis, should honestly and faithfully discharge the duties of his office, as

such recorder, according to law, then the bond was to be null and void, otherwise to be and remain in full force; and that such bond was duly approved by the board of commissioners of such county, and, with his official oath endorsed thereon, was filed by appellee Davis, in the clerk's office of Madison county.

And the relator averred that the appellee Davis did not faithfully discharge his duties as such recorder, according to law, in this, that on the 18th day of March, 1880, the relator and his wife executed to one Nathan Lowry their warranty deed of certain real estate, in Madison county, for the sum of $3,600, and that it was stipulated in such deed, " said grantee agreeing to assume and pay the sum of $500 as secured by mortgage given by this grantor on said land to one Jackson Brunt of Madison county, Indiana; " which mortgage was given to secure $3,300, owing by relator to said Brunt, which debt was evidenced by his promissory notes payable at different times, as shown and stated in said mortgage; whereby said grantee became liable for said sum and said land also liable therefor, and thereby giving notice and knowledge to subsequent purchasers that there was due, upon the purchase-money therefor, the sum of $500; and that on the 19th day of March, 1880, the said deed having been duly acknowledged, according to law, to entitle it to be recorded, was presented to, left with and received by the appellee Davis, as such recorder, at nine o'clock A. M. of the last named day, and was by him, as such recorder, recorded in deed-book No. 55, on page 533, of the records of Madison county; but that by mistake, oversight, negligence, carelessness and omission of duty of appellee Davis, as such recorder, such deed was recorded as stating that " said grantee agreeing to assume and pay the sum of $200, as secured by mortgage given by this grantor on said land to one Jackson Brunt of Madison county, Indiana; " that said lands were purchased by and became the property of persons who had no knowledge of such mistake and oversight, and said Nathan Lowry became notoriously

insolvent and worthless, and subsequently died insolvent, and his estate was worthless; that said notes became due, and, to avoid a suit and judgment against him thereon, after their maturity the relator was compelled to, and did, pay all said notes and interest thereon, including said $500 and accrued interest, by reason of such negligence, carelessness and omission of duty of appellee Davis, as such recorder; which sum was due from the appellees and wholly unpaid; and that the appellees had wholly failed and refused to pay the same, or any part thereof, although often requested so to do. Wherefore, etc.

In the second paragraph of complaint, substantially the same breach of the bond in suit is alleged by the relator, but in somewhat different language, as in the first paragraph.

The bond in suit was given under and pursuant to the provisions of section 5929, R. S. 1881, in force since May 6th, 1853, which simply requires that the recorder of each county " shall give bond in the penal sum of two thousand dollars." The act, in which this section is found, was approved May 31st, 1852. Subsequently, however, on June 9th, 1852, an act, passed by the same General Assembly was approved, " touching official bonds and oaths." In section 10 of this latter act, section 5528, R. S. 1881, also in force since May 6th, 1853, it is provided as follows: "All official bonds shall be payable to the State of Indiana; and every such bond shall be obligatory to such State upon the principal and sureties, for the faithful discharge of all duties required of such officer by any law, then or subsequently in force, for the use of any person injured by any breach of the condition thereof." In Davis v. State, ex rel., 44 Ind. 38, in speaking of this latter section of the statute, it was well said: "In legal contemplation, the above section is incorporated into and composes a part of every official bond and is as much binding upon the officer and his sureties as if the provisions of such section were actually copied into the bond."

When it appears, as it does in this case, that the recorder

of any county in recording any instrument entitled to record, containing the words (*not* figures) " five hundred dollars," has so recorded the same that such words are entered as " two hundred dollars " in the record of such instrument, it can not be said that such recorder has faithfully discharged the duties required of him by law, in so recording such instrument, within the meaning of the statute or of the condition of his bond.   For such a mistake in the record of any instrument entitled to record, it must be that the recorder and his sureties are liable in damages upon his official bond for the use of any person injured by such breach of the condition thereof. *Gilchrist* v. *Gough*, 63 Ind. 576.

But it is claimed by appellees' counsel that the court did not err in sustaining the demurrers to each paragraph of complaint, because, they say, it affirmatively appears in each paragraph that, as the result of the recorder's mistake, the relator was simply required to pay his own debt evidenced by his own notes, and that such payment so made can afford him no sufficient ground for claiming that he had sustained damages by reason of the recorder's breach of the condition of his official bond.   This is the purport and gist of the argument of counsel, as we understand them, although we have expressed it in somewhat different language from that used by counsel.   The argument is unsound and, as we think, fallacious.   When Nathan Lowry, the grantee named in the relator's deed, accepted such deed with the statement therein of his agreement "to assume and pay the sum of five hundred dollars as secured by mortgage given by the grantor on said land to one Jackson Brunt, of Madison county," then, as between such grantee and the relator, the said sum of $500 as a part of said mortgage debt, although evidenced by the relator's notes, became the personal debt of the grantee to the relator, and the land conveyed to the grantee by the relator, notwithstanding the warranty in the latter's deed, became and was bound as a security for the payment of such debt.   *Josselyn* v. *Edwards*, 57 Ind. 212; *Hoffman* v. *Risk*, 58 Ind. 113;

*Gerber* v. *Sharp*, 72 Ind. 553 ; *Davis* v. *Hardy*, 76 Ind. 272 ; *Sidener* v. *Pavey*, 77 Ind. 241.

This is so beyond all doubt, while the title to and owner-ship of the land remained in the relator's immediate grantee, Nathan Lowry, and if the relator's deed to such grantee had been correctly entered of record by the appellee Davis, as such recorder, the land conveyed would have been bound in the hands of any subsequent grantee thereof, near or remote, as security for the payment of the aforesaid sum of $500, and the interest accruing thereon. It is well settled that the pur-chaser of real estate is presumed to have examined the rec-ords of the deeds, necessary to make out his claim of title, and under which he claims, and is bound by the recitals in such deeds showing encumbrances, or the non-payment of purchase-money. He is charged with constructive notice of facts recited in a deed under which he claims, and is bound by such facts, even though he have no actual notice thereof. *Wiseman* v. *Hutchinson*, 20 Ind. 40 ; *Croskey* v. *Chapman*, 26 Ind. 333 ; *Colman* v. *Watson*, 54 Ind. 65 ; *Hazlett* v. *Sinclair*, 76 Ind. 488 (40 Am. R. 254) ; *Sample* v. *Cochran*, 84 Ind. 594. But in *Gilchrist* v. *Gough, supra*, it was held by this court, and correctly so, we think, that the record of any instrument en-titled to be recorded is only notice, whether actual or construc-tive, of the existence and record of such instrument, and of the contents, *not* of the instrument itself, but *only* of such record. Accordingly, it was held in the case cited, that where a mort-gage given to secure the sum of $5,000, by the mistake of the recorder was recorded as given to secure only the sum of $500, the record of such mortgage was notice to a subsequent mort-gagee, in good faith and for a valuable consideration, only to the extent of $500, the sum expressed in such record, and in-terest thereon. So here, by the mistake of the appellee Davis, as such recorder, the land conveyed by the relator was bound, in the hands of a subsequent purchaser thereof, in good faith and for a valuable consideration, as security for the payment of only $200, the sum expressed in the record of the relator's

deed, instead of $500, the sum expressed in the deed itself, and the interest thereon.

Some of the averments of each paragraph of the complaint were not so full, clear and explicit as they might have been; but such defects in pleading can only be reached and taken advantage of by motion to make such averments more certain and specific, and not by a demurrer for the want of facts. We are of opinion that in each paragraph of the complaint enough facts are stated by the relator to show a breach of his official duty by the appellee Davis, as such recorder, and that the relator was injured thereby. The court erred, we think, in sustaining appellees' demurrers to each paragraph of the relator's complaint.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrers to each paragraph of complaint, and for further proceedings not inconsistent with this opinion.

Filed April 22, 1884. Petition for a rehearing overruled June 26, 1884.