Lowry v. Smith.

No. 11,686.

LOWRY v. SMITH.

MORTGAGE.—*Sale Subject to Part of Debt.—Error in Record.—Liability of Recorder.— Vendor's Lien.—Subrogation.*--A. mortgaged land to B., and the mortgage duly recorded.   A. subsequently sold the land to C., who, as part of the purchase-money, agreed to pay $500 of the mortgage debt to B., the agreement being recited in the deed to C., but the record of the deed only stating the amount assumed as $200, and the property was conveyed by C. to D., and C. afterwards died insolvent, leaving A. to pay the mortgage debt.

*Held,* that the recorder and the sureties on his official bond were liable to A. for his failure to record the deed properly.

*Held,* also, that A. could enforce a vendor's lien against D. for $200 and interest.

*Held,* also, that A. was subrogated to the rights of B., and could have enforced the lien in his right.   In equity D. was the principal and A. the surety, and A., having paid the debt, became entitled to the security held by the creditor.

From the Madison Circuit Court.

*M. A. Chipman* and *J. W. Sansberry,* for appellant.
*M. L. Robinson* and *J. W. Lovett,* for appellee.

BICKNELL, C. C.—The complaint of the appellant was in two paragraphs.   He sought in the first paragraph to enforce a vendor's lien against the appellee.   In the second paragraph he claimed to be subrogated to the rights of a mortgagee, he having been compelled to pay $500 of the mortgage debt, which a grantor of the appellee, for a valuable consideration, had assumed to pay, and which the appellee, as a purchaser with notice, was bound to pay.

Demurrers to these paragraphs for want of facts sufficient were sustained and judgment was rendered against the appellant.   The rulings upon said demurrers are the errors assigned.

The facts stated in the complaint are, in substance, as follows:   The appellant owned land and mortgaged it to one Brunt, the mortgage was duly recorded, afterwards the ap-

pellant sold the land to Nathan Lowry, who, as part of the purchase-money, agreed to pay $500 of the mortgage debt to Brunt. This assumption of the $500 was recited in the deed from James Lowry to Nathan Lowry, and this deed was duly recorded, but the recorder, in his record, inserted by mistake $200 instead of $500, as the amount of the mortgage debt assumed by Nathan Lowry. Nathan never paid any part of it, died insolvent and left no property, the appellant was compelled to pay Brunt, the mortgagee, the $500 and interest. The appellee was a subsequent purchaser of the mortgaged land, claiming under Nathan Lowry.

These facts were under the consideration of this court in the case of *State, ex rel.,* v. *Davis,* 96 Ind. 539. That was a suit by the present appellant against the recorder and his sureties on his official bond, claiming damages for the negligence of the recorder in failing to record the deed properly; it was held in that suit that the present appellant could recover such damages from the recorder and his sureties. In that case, HOWK, C. J., delivering the opinion of the court, said:

"It is well settled that the purchaser of real estate is presumed to have examined the records of the deeds, necessary to make out his chain of title, and under which he claims, and is bound by the recitals in such deeds showing encumbrances, or the non-payment of purchase-money. He is charged with constructive notice of facts recited in a deed under which he claims, and is bound by such facts, even though he have no actual notice thereof. * * * But in *Gilchrist* v. *Gough,* 63 Ind. 576, it was held by this court, and correctly so, we think, that the record of any instrument entitled to be recorded is only notice, whether actual or constructive, of the existence and record of such instrument, and of the contents, *not* of the instrument itself, but *only* of such record. * * * * So here, by the mistake of the appellee Davis, as such recorder, the land conveyed by the relator was bound, in the hands of a subsequent purchaser thereof, in good faith and for a valu-

able consideration, as security for the payment of only $200, the sum expressed in the record of the relator's deed, instead of $500, the sum expressed in the deed itself, and the interest."

It follows from this decision that the first paragraph of the present complaint contains a good cause of action for the enforcement of a vendor's lien against the appellee to the extent of $200 and interest. *Sample* v. *Cochran*, 84 Ind. 594. And it follows, also, that as to the amount, of which the appellee had constructive notice as aforesaid, and thereby became liable to pay, the appellant is entitled to be subrogated to the rights of Brunt, the mortgagee. He has paid Brunt $200 and interest, which the appellee was bound to pay; as to that much of the debt in equity the appellee was the principal and the appellant was the surety, and the appellant having paid. it, he became entitled in equity to the security held by the creditor. *Josselyn* v. *Edwards*, 57 Ind. 212; *Jones* v. *Tincher*, 15 Ind. 308. Although payment in such a case extinguishes the remedy, or may discharge the security as respects the creditor, it has not that effect between the principal and the surety. *Gerber* v. *Sharp*, 72 Ind. 553; *Davis* v. *Hardy*, 76 Ind. 272; *Colman* v. *Watson*, 54 Ind. 65; Jones Mort., section 878.

Each paragraph of the complaint contained a good cause of action as to said sum of $200 and interest. The court erred in sustaining the demurrers, and, therefore, the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to overrule the said demurrers.

Filed Oct. 11, 1884.