Filed Dec. 27, 1887.

---

## No. 12,939.

## SMITH ET AL. *v.* LOWRY.

NOTICE.— *Recorded Instrument.*— *Vendor and Purchaser.*— *Real Estate.*—*En- cumbrance.*—A purchaser of real estate is charged with constructive notice of the facts shown by the record of the deed or deeds under which his grantor claimed title; and where it is shown by the record of any such deed that such grantor agreed to assume and pay off a mortgage encumbrance on the land, he is put upon inquiry thereby as to the con- dition of such mortgage.

SAME.—*Mortgage.*—*Entry of Satisfaction.*—In such case, however, where the record of the mortgage referred to in the deed shows that the same has been paid, and properly and legally released by an entry of satisfac- tion on the margin thereof, made by the mortgagee, the purchaser has a right to rely upon such entry as a complete discharge of the mortgage debt.

VENDOR AND PURCHASER.—*Assumption of Encumbrance by Grantee.*—*Mort- gage.*—*Equitable Assignment of.*—*Satisfaction.*—*Remedy.*—*Innocent Purchaser.* —A mortgagor of real estate, who sells the same and in his conveyance thereof provides that his grantee shall assume and pay a part of the

mortgage debt, and who, on default of his grantee, is compelled to pay the whole of such debt, can only become the equitable assignee of his mortgagee by procuring from the latter a proper assignment of so much of the debt as his grantee was bound to pay, and if he fails so to do, but procures a satisfaction and discharge of the whole of the same, he is without remedy, as against a subsequent purchaser of the land who has no actual notice.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellants.

*M. A. Chipman,* for appellee.

Howk, J.—This is the second appeal to this court in this case. On the former appeal herein the opinion and judgment of this court are reported under the title of *Lowry* v. *Smith,* 97 Ind. 466. We then reversed the judgment of the court below, and held that each of two paragraphs of the complaint of plaintiff, James Lowry, " contained a good cause of action as to the sum of $200 and interest." When the cause was remanded to the court below, plaintiff, Lowry, discovered that the land, described in each paragraph of his complaint, was conveyed to Clarissa Smith, wife of George H. Smith, theretofore sole defendant herein, and thereupon he amended each paragraph of his complaint by making the wife, Clarissa, as well as the husband, George H. Smith, parties defendants therein.

Both defendants appeared and jointly answered in three paragraphs, of which the first was a general denial of the complaint, and each of the other paragraphs was a special defence. To each of the special paragraphs of answer appellee's demurrers were sustained by the court, leaving the cause at issue on the general denial of the complaint. The issues joined were submitted to and fully heard by the court, and its finding was made in favor of plaintiff, Lowry; and, over the joint motion of defendants for a new trial or hearing, the court rendered its final judgment and decree herein, in accordance with its finding and the prayer of plaintiff's complaint.

In this court errors are jointly assigned by appellants, defendants below, which call in question (1) the sustaining of the demurrers to the second and third paragraphs of their answer, and (2) the overruling of their motion for a new trial.

In each paragraph of his complaint plaintiff alleged that on the 18th day of March, 1880, he was the owner of certain real estate, particularly described, in Madison county, Indiana, which real estate he had theretofore mortgaged to one Jackson Brunt to secure the payment of $3,300, evidenced by the several notes of plaintiff to said Brunt, maturing at different dates, as shown by such mortgage, which was duly recorded in the proper recorder's office; that afterwards, on said 18th day of March, 1880, plaintiff sold and conveyed such real estate by his deed to one Nathan Lowry, who assumed and agreed to pay, as stated in such deed, as part of the purchase-money, the sum of $500 of the debt secured by mortgage to said Brunt, as aforesaid; that such deed was recorded in the recorder's office of Madison county on the 19th day of March, 1880, but that, by the misprision of such recorder, the deed was so recorded as to show that the grantee therein assumed and agreed to pay only $200, instead of $500, of the mortgage debt of the grantor to Jackson Brunt; that such grantee, Nathan Lowry, never paid any part of the $500 of such mortgage debt, which he so assumed and agreed to pay, but died insolvent, leaving no property or estate, and plaintiff was compelled to pay, and had paid, the whole amount of such mortgage debt; and that defendant Clarissa Smith was a subsequent purchaser and grantee of such mortgaged real estate, claiming title thereto through and under the said Nathan Lowry, and his deed thereof as aforesaid from the plaintiff herein.

Upon the foregoing facts, plaintiff asserted in the first paragraph of his complaint a vendor's lien upon such real estate for the $500 of the mortgage debt which Nathan Lowry agreed to pay as part of his purchase-money, and

sought to enforce such lien against defendant Clarissa Smith, as a subsequent purchaser and grantee of the premises, with notice. In the second paragraph of his complaint, upon the facts aforesaid, plaintiff asked to be subrogated to the Brunt mortgage for the amount of the mortgage debt assumed by Nathan Lowry, and for the foreclosure of such mortgage, for that amount, against defendants as purchasers and grantees, with notice, of the mortgaged real estate.

Before the cause was submitted to the court below for final hearing, appellee, Lowry, withdrew the first paragraph of his complaint, and, as the second paragraph of defendants' answer was addressed on its face to the first paragraph of complaint only, it also was withdrawn from the record. The only question, therefore, presented for our decision by the first error of which appellants complain is this: Did the court below err in sustaining the demurrer to the third paragraph of their answer?

In this third paragraph of answer, which was pleaded as a defence to the second paragraph only of plaintiff's complaint, defendants admitted that plaintiff, as the owner of the real estate described, executed a mortgage thereon to James A. J. Brunt, called Jackson Brunt in the complaint, to secure the payment of $3,300, which mortgage was duly recorded in the proper recorder's office; and that afterwards, on the 18th day of March, 1880, plaintiff sold and conveyed such real estate to Nathan Lowry by deed, wherein the said Nathan assumed and agreed to pay $500 of such mortgage debt as part of the purchase-money, and that such deed was in due time recorded in the proper recorder's office, but that by the mistake of the recorder, in recording such deed, it was shown by the record thereof that Nathan Lowry assumed and agreed to pay $200, instead of $500, of such mortgage debt.

But defendants averred that plaintiff ought not to recover herein, because, they said, that, on the 26th day of August, 1882, defendant Clarissa Smith purchased such real estate at

the sale thereof by the administrator *de bonis non* of Nathan Lowry, deceased, pursuant to an order of the proper court, made prior to such sale; that long before such administrator's sale and the purchase of such real estate by said Clarissa Smith, the plaintiff's mortgage to said Brunt was fully discharged and satisfied of record, by the entry of such satisfaction on the margin of the record thereof in the proper recorder's office, which entry was duly signed by the mortgagee, Brunt, and was attested by the county recorder in due form of law, and was in the words and figures following, to wit:

"This mortgage is fully paid off and satisfied, and discharged of record, this Sept. 24th, 1881.

(Signed)             "JAMES A. J. BRUNT.

"Attest,:   A. C. DAVIS, R. M. Co."

Defendants further averred, that said mortgage was the same mortgage referred to in said deed made to said Nathan Lowry as aforesaid, and said James A. J. Brunt was the same person described in such deed as Jackson Brunt; that, at the time of such purchase by said Clarissa Smith at said administrator's sale, defendants had no notice or knowledge that plaintiff had paid off said mortgage and the sum so assumed by said Nathan Lowry, as evidenced by such deed, but they believed, as they lawfully might, that payment of the sum named in said deed, as assumed by said Nathan Lowry, had been made by him or his legal representatives, and they believed, as they lawfully might, that such mortgage and the amount thereof assumed by said Nathan Lowry had been fully discharged, and that no lien existed against such real estate by reason of such assumption and agreement in the deed to said Nathan Lowry, or by reason of said mortgage; that, relying upon the entry of satisfaction of said mortgage upon the record thereof, defendant Clarissa Smith purchased such real estate, and at the time of such purchase she had no notice or knowledge that plaintiff had or claimed any interest in or lien upon such real estate by

reason of said deed or of said mortgage; that the estate of said Nathan Lowry, deceased, had been pending for settlement in the court below for more than —— years before said sale, of which plaintiff had notice and full knowledge; that plaintiff filed no claim against said estate for the sum alleged to have been paid by him on said mortgage, and did not assert or attempt to assert his said claim against said estate, or to enforce his said lien, or to foreclose said mortgage, before the sale of such real estate; that due and legal notice was given to the heirs and creditors of said estate before the order for the sale of said real estate was granted to such administrator; that plaintiff had actual notice and knowledge of the pendency of the petition, and of the time set for the hearing thereof, and of the order of sale granted thereon, and of the day fixed by such administrator for the sale of such real estate, and wrongfully stood by and permitted defendant Clarissa Smith to purchase such real estate at its full value. Wherefore, etc.

, We are of opinion that the facts stated by defendants in the third paragraph of their answer, the substance of which we have just given, are amply sufficient, if true, and, as they are well pleaded, the demurrer admits their truth, to constitute a full and complete defence in bar of the cause of action set forth in plaintiff's complaint herein. This is not a case where a mortgagee, after having sold and transferred to third parties the evidences of debt secured by his mortgage, wrongfully or negligently entered satisfaction of such mortgage upon the record thereof, without payment having been made of the indebtedness secured thereby. In this case, as against the plaintiff, it may well be assumed, in the absence of averment to the contrary, that the mortgagee, Brunt, never had any notice or knowledge of Nathan Lowry's assumption and agreement to pay a part of the mortgage debt. It may well be assumed, also, as against the plaintiff, in the absence of any averment to the contrary, that when he paid the whole amount of the mortgage debt, which, as he alleged, he was

"compelled to and did pay," he made such payment to the mortgagee, Brunt, in person, and requested and procured such mortgagee to make and sign, as he did, the entry of satisfaction of such mortgage on the margin of the record thereof. Our statute declares that an entry of satisfaction of a mortgage, so made by the mortgagee on the margin of the record of such mortgage, "shall operate as a complete release and discharge thereof." Section 1090, R. S. 1881, in force since May 6th, 1853.

It is true, as claimed by appellee's counsel, that defendant Clarissa Smith, in purchasing the mortgaged real estate at the sale thereof by the administrator of the estate of Nathan Lowry, deceased, was charged with constructive notice of the facts shown by the record of the deed or deeds, under which such decedent, in his lifetime, claimed title to such real estate, and was bound by such facts and put upon inquiry thereby, even though she had no actual notice thereof. This was so decided on the former appeal of this cause, and it is the doctrine declared in many other cases decided by this court. *Wiseman* v. *Hutchinson*, 20 Ind. 40; *Croskey* v. *Chapman*, 26 Ind. 333; *Colman* v. *Watson*, 54 Ind. 65; *Gilchrist* v. *Gough*, 63 Ind. 576; *Hazlett* v. *Sinclair*, 76 Ind. 488; *Sample* v. *Cochran*, 84 Ind. 594; *State, ex rel.*, v. *Davis*, 96 Ind. 539; *Stockwell* v. *State, ex rel.*, 101 Ind. 1; *Singer* v. *Scheible*, 109 Ind. 575.

When, therefore, defendant Clarissa Smith ascertained that Nathan Lowry acquired his title to such real estate by deed from the plaintiff, James Lowry, she was charged with constructive notice of the fact shown by the record of such deed, that the grantee therein agreed " to assume and pay the sum of $200, as secured by mortgage given by this grantor on said lands to one Jackson Brunt," and was put upon inquiry thereby as to the condition of such mortgage.

In *Gilchrist* v. *Gough, supra,* it was held by this court that the record of any instrument entitled to be recorded was notice, whether actual or constructive, of the existence and

record of such instrument, and of all facts shown, not by the instrument itself, but only by the record thereof. Upon this point the case last cited was approved and followed in the decision of this cause on the former appeal thereof. *Lowry* v. *Smith, supra.* In other words, it was held in these cases that the purchaser of real estate is presumed to have examined the records of such deeds as constitute the chain of title thereto under which he claims, and is charged with notice, actual or constructive, of all facts recited in such records showing encumbrances, or the non-payment of purchase-money. So, also, it must be held that the purchaser of real property is charged with notice, actual or constructive, of all mortgages, liens and other writings, affecting the title to such property, which our registry laws authorize or require to be entered of record.

When, therefore, defendant Clarissa Smith became the purchaser of the real estate of Nathan Lowry, deceased, at the sale thereof by the administrator of his estate, she was charged with notice, actual or constructive, of the fact shown by the record of the deed, by and under which Nathan Lowry had acquired his title, that he had agreed to assume and pay the sum of $200 of the plaintiff's mortgage debt to Jackson Brunt. She was also affected with notice, actual or constructive, of the record of the mortgage given by plaintiff on such real estate to Jackson Brunt. But when it appeared from the record of such mortgage, on the margin of such record, as authorized by the statute, that long before she became the purchaser of such real estate the mortgagee, Brunt, had there made and signed an entry of satisfaction, attested by the proper recorder, to the effect that " this mortgage is fully paid off and satisfied, and discharged of record," we are of opinion that she had the right to rely upon such entry of satisfaction as a complete release and discharge of such mortgage, and to assume, as against the plaintiff, that Nathan Lowry had paid all that he had agreed to pay of the debt secured by such mortgage. If Nathan Lowry had not in fact paid what he

had agreed to pay, it may well be assumed, we think, as against the plaintiff, that he would have procured from Brunt an assignment on the record of the mortgage of so much of the debt secured thereby as Nathan Lowry had agreed to pay, instead of the entry on such record that "this mortgage is fully paid off and satisfied, and discharged of record."

If it be true, however, as alleged by plaintiff in the second paragraph of his complaint, that he paid out of his own means his entire mortgage debt to Jackson Brunt, the utmost that could be said in his favor, as it seems to us, is that he thereby became the equitable assignee of so much of such debt as Nathan Lowry had agreed to assume and pay. But in that case it would have been incumbent on plaintiff, as such equitable assignee, under the provisions of section 1093, R. S. 1881, in force since July 2d, 1877, as construed by this court in *Connecticut Mut. Life Ins. Co.* v. *Talbot, post,* p. 373, to have procured an assignment by the mortgagee of so much of the mortgage debt, attested by the proper recorder, on the margin of the record of such mortgage, or a separate instrument of assignment executed and acknowledged by the mortgagee, and recorded in the proper mortgage records. It is not claimed by plaintiff that he ever procured from the mortgagee, Brunt, an assignment of record, or record evidence of an assignment, of so much of the mortgage debt as Nathan Lowry agreed to assume and pay ; and in the absence of such assignment of record, or record evidence of an assignment, it is certain, we think, that the plaintiff can not enforce the collection of so much of the mortgage debt as was assumed by Nathan Lowry, by the foreclosure of the mortgage against the defendant Clarissa Smith, as a subsequent purchaser, without notice, of the mortgaged real estate.

In the second paragraph of his complaint plaintiff did not state a case wherein he was entitled to be subrogated to the rights of the mortgagee. He paid off and satisfied his own debt, and did not attempt even, so far as his complaint shows, to keep the mortgage security alive as against subsequent pur-

chasers, without notice, of the mortgaged premises. *Birke* v. *Abbott*, 103 Ind. 1 (53 Am. R. 474), and cases there cited. But conceding, as we must under our rulings on the former appeal of this cause, that plaintiff's complaint stated a good cause of action, we are clearly of the opinion that the facts stated by defendants in the third paragraph of their answer constituted a full and complete defence in bar of such cause of action, and that the court below erred in sustaining plaintiff's demurrer to such third paragraph of answer.

This conclusion renders it unnecessary for us to consider now the error assigned by appellants upon the overruling of their motion for a new trial. We may properly remark, however, that the evidence in the record, without conflict therein, fully sustains the material averments of the third paragraph of answer.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrer to the third paragraph of answer, and for further proceedings in accordance with this opinion.

Filed Jan. 17, 1888.