Andrew A. SZAKALY, Jr. and Nancy Szakaly, Appellants (Plaintiffs Below),

v.

Ron SMITH and Linda Smith, Appellees (Defendants Below).

No. 03S04-8910-CV-751.

Supreme Court of Indiana.

Oct. 10, 1989.

Andrew A. Szakaly, Jr., Nashville, for appellants.

Timothy J. Vrana, Sharpnack, Bigley, David & Rumple, Columbus, for appellees.

DICKSON, Justice.

In an opinion holding that grantees of servient tenements are charged with knowledge of "all the information supplied by the recorded conveyances of a common grantor," the Court of Appeals reversed a trial court determination that Andrew and Nancy Szakaly had no easement by deed over adjacent property owned by Ron and Linda Smith. *Szakaly v. Smith* (1988), Ind.App., 525 N.E.2d 343. While agreeing with the Court of Appeals to reverse the trial court, we grant transfer to discuss and clarify the extent to which belatedly recorded conveyances of a common grantor provide constructive knowledge to subsequent grantees.

The common grantors of the parties, Sherrill and Isabell Arvin, owned a 195–acre tract of land. In 1956, the Arvins conveyed a 190–acre portion to the Szakalys' predecessor in title. The deed also granted an easement of right-of-way over the Arvins' retained five-acre tract, but this deed was not recorded until 1965. In 1957, the remaining five-acre tract was conveyed through a trustee for reconveyance to Isabell Arvin alone. Though promptly recorded, these deeds to the five-acre tract did not contain any reference to the easement. Subsequent conveyances of this tract likewise omitted mention of the easement. In 1979, Ronald Smith acquired the smaller tract. In 1982 and 1983, the Szakalys took title to the larger tract. The parties dispute whether the 1965 recording of the 1956 deed creating the easement constitutes constructive notice to grantors of the five-acre tract which beginning in 1957 was conveyed by recorded deeds absent reference to the easement.

Relying on *Hazlett v. Sinclair* (1881), 76 Ind. 488, the Court of Appeals reasoned that the Smiths had constructive notice of all recorded deeds of their remote grantors. The Smiths argue that they cannot be charged with constructive notice because the deed granting the easement is out of their chain of title because it was recorded after their five-acre tract was first conveyed from the Arvins to the trustee for reconveyance. The Smiths, in effect, argue "once out, always out."

■ The recording statutes offer protection to subsequent purchasers, lessees, and mortgagees. *State v. Anderson* (1960), 241 Ind. 184, 170 N.E.2d 812; *Gratzinger v. Arehart* (1936), 209 Ind. 547, 198 N.E. 787. Indiana Code § 32–1–2–16 provides:

> Every conveyance ... of lands or of any interest therein ... shall be recorded in the recorder's office of the county where such lands shall be situated; and every conveyance ... shall take priority according to the time of the filing thereof, and such conveyance ... shall be fraudulent and void as against any subsequent purchaser, lessee or mortgagee in good faith and for valuable consideration, having his deed, mortgage or lease first recorded.

County recorders must maintain a name index system for recording deeds and mortgages. Ind.Code § 36–2–11–12. Under this system all deeds are indexed alphabetically by grantor and by grantee, both with cross-references to the other party to the deed. *Id.* The indices describe the tract and show the date of the deed's recording. The indices refer a prospective purchaser or encumbrancer to the recorded instruments.

In a title search, the prospective purchaser or his abstractor assesses the marketability of title to a tract of land by determining the "chain of title." Beginning with the person who received the grant of land from the United States, the purchaser or abstractor traces the name of the grantor until the conveyance of the tract in question. The particular grantor's name is not searched thereafter. As the process is re-

peated, the links in the chain of title are forged. Schroeder, *Title Searches and Marketable Title*, Basic Real Estate Practice I–30 (1986).

 A "purchaser of real estate is presumed to have examined the records of such deeds as constitute the chain of title thereto under which he claims, and is charged with notice, actual or constructive, of all facts recited in such records showing encumbrances, or the non-payment of purchase-money." *Smith v. Lowry* (1887), 113 Ind. 37, 44, 15 N.E. 17, 20. *Accord Mettart v. Allen* (1894), 139 Ind. 644, 39 N.E. 239; *Wagner v. Winter* (1889), 122 Ind. 57, 23 N.E. 754; *State ex rel. Lowery v. Davis* (1884), 96 Ind. 539. A record outside the chain of title does not provide notice to bona fide purchasers for value. *Rogers v. City of Evansville* (1982), Ind.App., 437 N.E.2d 1019; *Residents of Green Springs Valley Subdivision v. Town of Newburgh* (1976), 168 Ind.App. 621, 344 N.E.2d 312.

The Court of Appeals construes *Hazlett* as charging remote subsequent purchasers with constructive notice of all deeds by any prior common grantor that are recorded before the recording of the deed to the purchaser. *Szakaly*, 525 N.E.2d at 345–46. However, the facts recited in *Hazlett* do not disclose the dates of recording of the involved deeds, making it impossible to determine whether the deed creating the easement was within the purchaser's chain of title. Thus *Hazlett* does not establish that a grantor is charged with constructive knowledge of conveyances from a remote grantor that are outside his chain of title. In light of *Rogers* and *Residents of Green Springs Valley Subdivision*, we view the language in *Hazlett* as limited by the chain of title requirement.

 Therefore, if the 1956 deed to the 195–acre tract, recorded in 1965, had been outside Smith's chain of title, it would not have constituted constructive notice to him. However, when the 1956 deed was recorded in 1965, the titled owner of the five-acre tract and Smith's predecessor in title was Isabell Arvin who did not convey title to her grantee until 1966. An examination of the grantor index for Isabell Arvin from the date that she acquired her interest in the property to the date she conveyed to her grantee would have disclosed the recording of the 1956 deed from Isabell Arvin and her husband Sherrill which granted the right-of-way easement across the five-acre tract.

We therefore agree with the Court of Appeals that Smith had constructive notice of the easement encumbering the five-acre tract he purchased in 1979. We reach this conclusion not because Smith was charged with constructive notice of all subsequent conveyances of any prior common grantor, but because the specific encumbrance was disclosed in Smith's chain of title.

The judgment of the trial court is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.

All Justices concur except GIVAN and PIVARNIK, JJ., who dissent without opinion.