Herbert HOOVER and Katherine Hoover, Appellants,

v.

HEARTH & HOME DESIGN CENTER, INC.; Frank Olis, d/b/a Olis Enterprises; Big C Lumber Co., Inc.; Excavating Engineers, Inc.; Metropolitan Home Plumbing Service, Inc.; Rex A. Richardes d/b/a AAA Flooring; Dominic Caurro d/b/a The Source Company; Gerald Mikel d/b/a G.M. Construction; Belleville Comfort Systems, Inc.; R.K. Maurer d/b/a Maurer Well Service; Midwest Commerce Banking Co.; St. Joseph County Auditor, Beverly Crone, Appellees.

No. 71S05–9503–CV–00375.

Supreme Court of Indiana.

Sept. 1, 1995.

William P. Hoye, Notre Dame Legal Aid, South Bend, William T. Webb, Hardig, Lee & Groves, South Bend, for appellants.

Timothy Abeska, South Bend, Bruce Bon-Durant, South Bend, John P. Gourley, Mishawaka, Thomas R. Hamilton, Elkhart, George E. Herendeen, South Bend, Timothy P. McLaughlin, South Bend, for appellees.

ON PETITION TO TRANSFER

DeBRULER, Justice.

This case comes before the Court on petition to transfer. Ind. Appellate Rule 11(B)(3). Appellants Herbert and Katherine Hoover challenge the trial court's finding that they were liable to appellees for approximately $213,000.00. The Court of Appeals dismissed the appeal, accepting appellees' argument that the filing of the bankruptcy petition stayed any action by appellants. We granted transfer on March 21, 1995, to address a single issue: whether filing for bankruptcy after having filed a Praecipe makes appellate review unavailable.

### Facts

This case involves a written contract between the Hoovers and appellee Frank Olis for the construction of a new home on Riddles Lake near Lakeville, Indiana. The construction ran significantly over budget and the Hoovers were unable to pay the additional expenses. When the Hoovers' inability to pay became clear to the various businesses that Olis had employed on the project, these "subcontractors" filed suit to enforce their mechanic's liens. After a four day bench trial, the court found that the Hoovers were liable to some of these businesses and not to others. On May 24, 1993, the Hoovers filed a motion to correct errors, relying on a newly discovered version of the written contract between Olis and themselves. The trial court denied the motion on July 9, 1993. On August 6, 1993, the Hoovers filed a Praecipe for the Record of Proceedings so that they could appeal. On August 31, 1993, the Hoovers filed their Voluntary Petition in Bankruptcy in the United States Bankruptcy Court for the Northern District of Indiana. On September 10, 1993, the U.S. Bankruptcy Court issued its Notice of Commencement of the case and issued its Order staying actions against the property of the Hoovers. The Bankruptcy Court has not yet approved the Hoovers' bankruptcy plan. Appellees filed a Motion to Dismiss Appeal, arguing that the Petition in Bankruptcy conceded the Hoovers' debts to appellees. The Court of Appeals dismissed the appeal, then denied rehearing. The Hoovers petitioned for transfer.

### Discussion and Decision

The Hoovers claim that the Court of Appeals erroneously relied on the election of remedies doctrine when it improperly dismissed their appeal.

The election of remedies doctrine requires that a party who has two co-existing but inconsistent remedies and elects to pursue one remedy to a conclusion not sue on the other remedy. *Burrus v. American Casualty Company*, 518 F.2d 1267, 1269 (7th Cir.1975) (citing *American Furniture Co. v. Town of Batesville* (1894), 139 Ind. 77, 38 N.E. 408). The doctrine is intended to prevent excessive and repetitive litigation. Appellees argue that the doctrine forbids the Hoovers to appeal because they have filed a bankruptcy petition.

The doctrine does not, however, apply to the detriment of the Hoovers' appeal, because there is no election of remedies. Bankruptcy is not an inconsistent remedy. The Hoovers could have appealed the trial court's judgment, lost in the Court of Appeals, and lost in this Court; afterwards, they would still have been permitted to file bankruptcy. Bankruptcy and appellate review are not, therefore, inconsistent remedies.

In any event, our recent decision in *Carpenter v. Farm Credit Services* (1995), Ind., 654 N.E.2d 1125, is dispositive. In *Carpenter*, appellants lost at trial and the court entered judgment for appellee in the sum of $1,029,085.14. *Id.* at *1. The Carpenters,

while an appeal of the judgment against them was pending, filed a joint bankruptcy petition. The Court of Appeals dismissed their appeal, citing the election of remedies doctrine and relying on the Bankruptcy Act's automatic stay of further proceedings. 11 U.S.C. § 362(a). We reversed because we decided that the automatic stay of Section 362(a) does not apply to prevent a debtor from appealing an adverse judgment. *Id.* at *3.

 No significant difference exists between this case and *Carpenter.* There, as here, appellants were debtors who were challenging an adverse trial court judgment and subsequently filed a petition in bankruptcy. The Court of Appeals erroneously dismissed the appeals in both instances. To the extent compatible with federal law, we must permit pursuit of appellate rights. *See* Ind. Const. art. VII, § 6 (absolute right to one appeal).

### Conclusion

Accordingly, having granted transfer, we deny the motion to dismiss and remand to the Court of Appeals to reinstate the appeal and conduct all further consistent proceedings.

SHEPARD, C.J., and DICKSON and SULLIVAN, JJ., concur.

SELBY, J., concurs in result.