Timothy W. HARTIG, Appellant–
Defendant,

v.

Melvin J. STRATMAN and Louise
Stratman, Appellees–
Plaintiffs.

No. 82A01–9910–CV–336.

Court of Appeals of Indiana.

May 31, 2000.

Rehearing Denied Aug. 30, 2000.

Robert L. Burkart, Ziemer Stayman Weitzel & Shoulders, Evansville, Indiana, Attorney for Appellant.

Jack N. Vanstone, Evansville, Indiana, Attorney for Appellees.

## OPINION

SHARPNACK, Chief Judge

This case comes to us on interlocutory appeal. Timothy Hartig appeals the trial court's order denying his motion for summary judgment. Hartig raises three issues, which we consolidate and restate as whether the trial court erred in denying his motion for summary judgment. We raise one issue sua sponte: whether Hartig's motion for summary judgment requested the resolution of less than all the issues or claims involved. We affirm in part, reverse in part, and remand for further proceedings.

The relevant facts follow. Melvin and Louise Stratman are the owners of real property located at 2208 E. Walnut St. in Evansville, Indiana. The property next door, at 2210 E. Walnut St., is owned by Hartig. The instant dispute centers around a shared driveway that is located on both parcels of property, with the majority of the driveway being on Hartig's property.

The record of title to Hartig's property discloses that Hartig purchased the property from Sean Holmes on September 28, 1995. Holmes in turn purchased the property from John Connell on May 31, 1994. On the same day that Connell sold the property to Holmes, Connell entered into a written easement agreement with the Stratmans regarding the shared driveway. The agreement gave the Stratmans a perpetual easement over the portion of the driveway that is located upon the parcel at 2210 E. Walnut St. and gave the property owners at 2210 E. Walnut St. a perpetual easement over the portion of the driveway that is located upon the Stratman parcel. The Stratman–Connell easement agreement was recorded in the Vanderburgh County Recorder's Office on June 8, 1994, at 2:25 p.m. The deed transferring the property at 2210 E. Walnut Street from Connell to Holmes was also recorded on June 8, 1994, but it was recorded one minute earlier, at 2:24 p.m. It is undisputed that when Holmes sold the property to Hartig, he did not inform Hartig about the existence of the driveway easement agreement.

Thereafter, on February 13, 1998, the Stratmans filed a complaint alleging that Hartig was blocking the driveway and refusing to allow them to use it. The complaint further alleged that prior to Hartig's actions, "the owners of both 2208 East Walnut and 2210 East Walnut Street, used said easement under a claim of right, open, notoriously, and adverse to the interest of the adjoining owner." On February 24, 1998, the trial court granted Hartig's motion to dismiss the Stratmans' complaint pursuant to Indiana Trial Rule 12(B)(6). The Stratmans then filed an amended complaint alleging in substance that Hartig was trespassing upon their property. Then, on August 26, 1998, the Stratmans filed a "Second Paragraph of Amended Complaint," asserting the right to use the driveway by virtue of the Connell–Stratman easement agreement. Record, p. 19. Thereafter, Hartig filed a motion for summary judgment, which the trial court denied on June 29, 1999.

■ When reviewing the denial of a motion for summary judgment, we apply the same standard as the trial court. *Trotter v. Nelson*, 684 N.E.2d 1150, 1152 (Ind. 1997). Therefore, summary judgment should only be granted when the designated evidentiary material demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* We resolve any doubt as to any fact, or inference to be drawn therefrom, in favor of the nonmoving party. *Id.* The party appealing the denial of a motion for summary judgment has the burden of persuading this court on appeal that the trial court's ruling was improper. *Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind.1993).

### A.

■ Hartig first contends that he was entitled to summary judgment because the Stratmans' claim is barred by the doctrine of election of remedies. The election of remedies doctrine is an equitable principle intended to prevent excessive and repetitive litigation. *Hoover v. Hearth & Home Design Center, Inc.*, 654 N.E.2d 744, 745 (Ind.1995). It prevents a party who has two inconsistent remedies and elects to pursue one to a conclusion from later seeking recovery under the other theory. *Id.*

■ Hartig alleges that when the trial court granted his motion to dismiss the Stratmans' original complaint alleging adverse possession, the dismissal constituted an adjudication on the merits and therefore the Stratmans had pursued their claim to a final determination. Thus, according to Hartig, the Stratmans were barred from amending their complaint under the theory of easement by agreement, a theory that was inconsistent with the original theory of adverse possession. We disagree.

■ Indiana Trial Rule 12(B) provides that "[w]hen a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be amended once as of right ..." Ind. Trial Rule 12(B). Because the complaining party remains able to file an amended complaint, a dismissal under Trial Rule 12(B)(6) is without prejudice. *Platt v. State*, 664 N.E.2d 357, 361 (Ind.Ct.App. 1996), *trans. denied, cert. denied*, 520 U.S. 1187, 117 S.Ct. 1470, 137 L.Ed.2d 683 (1997). A Trial Rule 12(B)(6) "dismissal becomes an adjudication on the merits only after the complaining party opts to appeal the order instead of filing an amended complaint." *Id.*

Here, after their original complaint was dismissed pursuant to Trial Rule 12(B)(6), the Stratmans filed an amended complaint within the allotted time. Therefore, the dismissal of their original complaint did not act as an adjudication on the merits, a prerequisite to invoking the election of remedies doctrine, as claimed by Hartig. *See id.; see also Cohoon v. Fisher*, 146 Ind. 583, 584, 44 N.E. 664, 665 (1896), *reh'g denied*, (stating that "[t]he amendment of the complaint superseded the original complaint. Therefore the remedy invoked therein is not being prosecuted to determination").

In response, Hartig alleges that even if the dismissal of the Stratmans' original complaint was not a final judgment, their claim of easement by agreement is still barred by the election of remedies doctrine. To support this claim, Hartig cites to an opinion denying rehearing in *Cohoon* wherein our supreme court allegedly "recognized that the election of remedies doctrine may apply even where there is not a final judgment." Reply Brief, p. 3; *Cohoon v. Fisher*, 146 Ind. at 588, 45 N.E. 787 (1897). However, in the portion of this opinion that Hartig refers to, the court was simply addressing the cases from other jurisdictions, which dealt with fraud and rescission of a contract, that were cited by the nonprevailing party. *See id.*, at 588–589, 45 N.E. at 788. At the end of this discussion, the court stated: "All we mean to hold ... is that the cases cited by appellee are not necessarily inconsistent

with the conclusions we have reached, and, if they were, our own previous cases would and ought to control this case ..." *Id.* at 589, 45 N.E. 787, 45 N.E. at 789. Accordingly, this argument is without merit.

■ Hartig, still insisting that the election of remedies doctrine is applicable, next points out that the amended complaint that the Stratmans filed after their original one was dismissed was a complaint for trespass, not easement by agreement: it was not until several months later that the Stratmans filed the second paragraph of the amended complaint alleging easement by agreement. Pursuant to Trial Rule 15(A), a party may amend his complaint to adequately reflect alternate claims with the court's leave, and such leave must be granted "when justice so requires." Ind. Trial Rule 15(A). In keeping with the policy of this state to liberally allow the amendment of pleadings, the trial court here permitted the Stratmans to amend their complaint to include a claim of easement by agreement. Therefore, we do not see the relevance in this argument, and hold that the Stratmans' claim is not barred by the election of remedies doctrine.[1] *See Platt,* 664 N.E.2d at 361.

### B.

■ Hartig next contends that he is entitled to summary judgment because the Connell–Stratman driveway easement agreement was recorded outside his chain of title and therefore not binding on him. Indiana's recording statute provides:

"Every conveyance or mortgage of lands or of any interest therein ... shall be recorded in the recorder's office ...; and every conveyance [or] mortgage ...

shall take priority according to the time of the filing thereof, and such conveyance [or] mortgage ... shall be fraudulent and void as against any subsequent purchaser, ... or mortgagee in good faith and for a valuable consideration, having his deed [or] mortgage ... first recorded."

Ind.Code §32–1–2–16. The purpose of this statute is to provide protection to subsequent purchasers and mortgagees. *Szakaly v. Smith,* 544 N.E.2d 490, 491 (Ind.1989). This protection is derived from the fact that a landowner will not be deemed to have constructive notice of adverse claims that appear outside the chain of title. *Id.* at 492.

To determine the chain of title, the prospective purchaser must go to the recorder's office and search through the grantor index, beginning with the person who received the grant of land from the United States and continuing until the conveyance of the tract in question. *Id.* at 491. The particular grantor's name is not searched thereafter. *Id.*

Here, when Hartig conducted a title search of the property at 2210 E. Walnut St., he would have discovered the conveyance to Connell. Next, Hartig would have discovered the conveyance from Connell to Holmes that was recorded on June 8, 1994, at 2:24 p.m. Hartig would not have discovered the Connell–Stratford easement agreement that was recorded one minute later, however, because Connell's name would not have been searched after the conveyance to Holmes was discovered. *See id.* Therefore, the easement agreement is not within Hartig's chain of title and he cannot be deemed to have constructive notice of its existence. *See id.; Key-*

---

1. From the face of the second amended complaint, it is clear that the claim of easement by agreement "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Ind. Trial Rule 15(C). Moreover, Hartig did not raise a challenge regarding the relation back of amendments under Trial Rule 15(C) until his reply brief. It is well settled that an issue

may not be raised for the first time in a reply brief. *In re Adoption of H.M.G.,* 606 N.E.2d 874, 874 n. 1 (Ind.Ct.App.1993). Therefore, contrary to Hartig's suggestion, the Stratmans' failure to argue that their second amended complaint related back to the date of the filing of the original complaint is of no consequence.

*bank Nat. Ass'n v. NBD Bank,* 699 N.E.2d 322, 327 (Ind.Ct.App.1998) (holding that mortgage recorded outside the chain of title did not give the subsequent mortgagor constructive notice of its existence). Accordingly, we hold that the trial court erred in denying Hartig's motion for summary judgment with respect to the issue of the driveway easement agreement.

### C.

The final issue is one we raise sua sponte: whether Hartig's motion for summary judgment requested the resolution of less than all the issues or claims involved. Hartig has raised the following issues: (1) whether the Stratmans' complaint was barred by the election of remedies doctrine and; (2) whether the driveway easement agreement was recorded outside Hartig's chain of title and therefore not binding on him. Because we hold that Hartig was not entitled to summary judgment with respect to the election of remedies doctrine, we turn our attention to the question of whether a grant of summary judgment in Hartig's favor on the issue of the driveway easement agreement constitutes a resolution of less than all of the issues or claims involved. We hold that it does.

The amended complaint that the Stratman's filed provides, in relevant part:

"3.  On or before January 1, 1998, defendant entered upon Plaintiff's land without authority and committed a continuing trespass thereon.

4.  While on Plaintiffs' [sic] property, Defendant blocked a driveway which had been used in common by 2208 East Walnut Street and 2210 East Walnut Street, part of which is on Plaintiffs' real estate, and converted the same for his own exclusive use, resulting in the fact that Plaintiffs were denied the use of said driveway and the use of their own real estate, and depriving them of access to their garage at the rear of their real estate, making the rental of their real estate impossible and ren-

dering the sale of said real estate impossible at its fair value."

Record, p. 15. The pleading later filed by the Stratmans, which is entitled "Second Paragraph of Amended Complaint," provides, in relevant part:

"3.  The properties at 2208 East Walnut Street and 2210 East Walnut Street have for more than fifty years last past used a common driveway for the use and benefit of both said parcels of real estate."

Record, p. 19.

Clearly, issues other than the driveway easement agreement have been raised by the pleadings. Hartig alleges, without citation to authority, that the "Stratmans subsequently dropped their trespass claim." Appellant's Brief, p. 2. This allegation is apparently based on the purported fact that "[t]he trial court had instructed the Stratmans to file a further amended complaint in light of the confusion caused by the document titled [']Second Paragraph of Amended Complaint[']," which they did not do. Appellant's Brief, p. 2. However, our review of the record does not support the assertion that the Stratmans abandoned any claim that was raised in the pleadings. Therefore, we hold that the summary judgment granted in favor of Hartig on the issue of the driveway easement agreement constitutes a partial summary judgment because it does not bring to resolution all of the claims or issues involved. *See* Ind. Trial Rule 56. Therefore, that leaves open for resolution those issues not covered by this opinion.

For the foregoing reasons, we affirm the trial court's denial of summary judgment on the issue of election of remedies, but reverse the trial court and grant partial summary judgment in favor of Hartig on the issue of the driveway easement agreement.

Affirmed in part, reversed in part, and remanded for further proceedings.

BAILEY, J. concurs.

ROBB, J. concurs with separate opinion.

**ROBB, Judge, concurring**

I concur in the majority's resolution of the issue of the driveway easement agreement. As to the issue of the trespass claim, I agree that if the Stratmans are claiming that Hartig trespassed on *their* property in blocking off the driveway, their claim survives. If, however, they are claiming that Hartig blocked off only that part of the driveway which is on *his* property but over which the Stratmans claimed an easement, I believe our resolution of the easement issue also resolves the trespass issue in Hartig's favor.

The driveway at issue lies partially on the Stratmans property and partially on Hartig's property. The Stratmans complaint, in two counts, alleged that there was an easement agreement allowing both property owners use of the entire driveway, and also that Hartig "blocked a driveway which had been used in common . . ., part of which is on [the Stratmans'] real estate, and converted the same for his own exclusive use. . . ." R. 15. I do not believe the record is clear regarding whether the Stratmans claim that Hartig blocked only that part of the driveway which is on his own property or also blocked off that part which is on their property. If they claim that Hartig blocked off that part of the driveway over which they claimed an easement, and as we have already determined that Hartig is entitled to summary judgment on the issue of the driveway easement agreement because the agreement was recorded outside his chain of title, then Hartig should also be entitled to summary judgment on the trespass issue, because he cannot be said to have trespassed on land which is solely and exclusively his. On the other hand, if they claim that Hartig blocked off the entire driveway, including that part of the driveway which is on their property, then their claim should be allowed to proceed.

As such, I concur in result with the majority's holding that there remain issues to be resolved in the trial court regarding the trespass claim. In all other respects, I concur with the majority.