BANK OF NEW YORK, Trustee, Appellant–Plaintiff,

v.

Stephen H. NALLY, Hiram Nally, Eileen Nally, State of Indiana, Marina Limited Partnership, Appellees–Defendants.

Tod D. Owens and Pamela E. Owens, Appellees–Third–Party Plaintiffs,

v.

Stephen N. Nally, Bank of New York Trustee, Shae Wiles, Michael Mize, Internal Revenue Service, et al., Appellees–Third–Party Defendants.

No. 29A02–0212–CV–1057.

Court of Appeals of Indiana.

Jan. 15, 2004.

Craig D. Doyle, Joanne B. Friedmeyer, James L. Shoemaker, Doyle & Friedmeyer, P.C., Indianapolis, IN, Attorneys for Appellant, Bank of New York, Trustee.

Patrick R. Ragains, Smith & Ragains, Anderson, IN, Attorney for Appellees.

## OPINION ON REHEARING

VAIDIK, Judge.

Bank of New York petitions for rehearing on *Bank of New York v. Nally,* 790 N.E.2d 1071 (Ind.Ct.App.2003). In that opinion, we found that a purchaser of real property is held to constructive notice of those documents recorded in the grantor-grantee index and the mortgagor-mortgagee index. In arriving at this conclusion, we distinguished *Hartig v. Stratman,* 729 N.E.2d 237 (Ind.Ct.App.2000), *reh'g denied.*

In *Hartig,* John Connell sold real property to Sean Holmes. On the same day, Connell also gave an easement over the same property to the Stratmans. Thereafter, Holmes recorded his deed one minute before the Stratmans recorded their easement. Holmes subsequently sold the property to Timothy Hartig, who did not know about the easement and refused to honor it. This Court determined that Hartig was not deemed to have constructive knowledge of the easement because a search of the grantor-grantee index would not have disclosed it. *Id.* at 240. In distinguishing the instant case from *Hartig,* in our original opinion we transposed the names of Holmes and Hartig in our discussion of the recording sequence. Despite this transposition, we continue to find that *Hartig* is inapposite because it dealt with an easement instead of a mortgage. Because Indiana Code § 36–2–11–12(b) requires mortgages to be kept in a separate index from the grantor-grantee index, we stand by our previous holding that Bank of New York is held to constructive notice of documents contained in both indexes.

The petition for rehearing is granted. We affirm our original opinion in all respects, except as clarified in this opinion on rehearing.

FRIEDLANDER, J., and ROBB, J., concur.