# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2017, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Scott J. Fandre
Stacy Walton Long
Krieg DeVault LLP
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| U.S. Bank Trust National Association, as Trustee of the American Homeowner Preservation Trust Series 2013C, | June 26, 2017 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 61A01-1612-MF-2897 |
| v. | Appeal from the Parke Circuit Court |
| Chester Modesitt, Martha R. Modesitt, and Unknown Occupants of RR3 Box 28 a/k/a 10930 South 625 West, Rosedale, Indiana 47874, | The Honorable Samuel A. Swaim, Judge |
| *Appellees-Defendants* | Trial Court Cause No. 61C01-1405-MF-159 |

**Crone, Judge.**

# Case Summary

[1] In this appeal, we must untangle a procedural web of motions, responses, and orders in litigation involving a determination of the proper chain of title of a note/mortgage that has been assigned at least ten times. The appellant, U.S. Bank Trust National Association, as Trustee of the American Homeowner Preservation Trust Series 2013C ("U.S. Bank"), as assignee of a promissory note and mortgage, filed an action against Chester Modesitt, Martha R. Modesitt, and Unknown Occupants of RR3 Box 28 a/k/a 10930 South 625 West, Rosedale, Indiana 47874 ("Modesitt") for default and foreclosure. U.S. Bank filed a motion for summary judgment, and Modesitt filed a motion to dismiss pursuant to Indiana Trial Rule 12(B). The trial court denied U.S. Bank's summary judgment motion and granted Modesitt's motion to dismiss with prejudice.

[2] U.S. Bank filed a motion for leave to amend its complaint. The trial court granted the motion and deemed U.S. Bank's amended complaint filed. Modesitt sought an extension for filing its responsive pleading, which the trial court granted. Instead of filing a responsive pleading, Modesitt filed a response in opposition to U.S. Bank's motion for leave to file an amended complaint, and the trial court issued an order denying U.S. Bank's motion for leave to amend the complaint. U.S. Bank filed a motion to reconsider and clarify the record, which the court summarily denied. U.S. Bank now appeals. We reverse and remand.

# Facts and Procedural History

In 2003, Chester Modesitt and his mother (now deceased) executed a promissory note for $101,200, secured by a mortgage on their property in Rosedale, which they owned as joint tenants with rights of survivorship. The lender, Aegis Funding Corporation, subsequently assigned the note and mortgage (collectively "Mortgage"), and through a series of allonges, the Mortgage went through at least ten assignments.

In 2008, the Bank of New York ("BNY"), as trustee for J.P. Morgan Chase N.A., as assignee of the Mortgage, filed a foreclosure action against Modesitt. The action was eventually dismissed without prejudice on BNY's own motion.[1] BNY never specified its reason for seeking voluntary dismissal other than to state, "Plaintiff no longer wishes to pursue this foreclosure action." Appellant's App. Vol. 2 at 208.

In 2014, U.S. Bank, as holder by assignment, filed an action against Modesitt for collection and foreclosure of the Mortgage for nonpayment dating back to 2012. *See id*. at 84 (affidavit of indebtedness claiming an outstanding balance of $171,630.74, including principal, interest, late fees, and unpaid charges). Though Modesitt did not dispute his nonpayment, he filed an answer and counterclaim, alleging that U.S. Bank's assignment was an illegal assignment outside the chain of title. He also raised claims of harassment and

---

[1] The 2008 trial court never ruled on a counterclaim filed by Modesitt in that action. In 2015, the pending counterclaim was consolidated with the present action.

unconscionable and usurious interest rates. In January 2016, U.S. Bank filed a motion for summary judgment on the complaint and counterclaim. On February 4, 2016, Modesitt went to the county recorder's office and recorded the 2008 assignment from Aegis to BNY. In March 2016, Modesitt filed a memorandum in opposition to summary judgment and a motion to dismiss pursuant to Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. He also alleged res judicata and lack of personal jurisdiction under Trial Rule 12(B)(2). In June 2016, the trial court conducted a hearing on all motions and took matters under advisement. On July 5, 2016, the trial court issued an order denying U.S. Bank's motion for summary judgment and granting Modesitt's motion to dismiss with prejudice.

[6] On July 18, 2016, U.S. Bank filed a motion for leave to file an amended complaint. Attached to the motion was an amended complaint in which U.S. Bank sought to add (1) BNY as a party; (2) a count for declaratory judgment to correct a previously unrecognized title issue regarding the Mortgage; and (3) a count for fraud against Modesitt for the alleged fraudulent recording of an assignment of the Mortgage. Attached to the motion and amended complaint was a receipt identifying Modesitt as the payor of a $12.00 recording fee on February 4, 2016. Appellant's App. Vol. 3 at 60. That receipt indicated a cash payment to cover the recording fee for the previously unrecorded assignment from Aegis to BNY. *Id.*

[7] The trial court granted U.S. Bank's motion for leave to amend the complaint and deemed the amended complaint filed. Modesitt filed a motion for a sixty-

day extension of time in which to file his responsive pleading, which the trial court granted. Sixty days later, Modesitt did not file a responsive pleading but instead filed a response in opposition to U.S. Bank's motion for leave to amend, which the trial court had previously granted. This time, the court denied the motion for leave to amend and reiterated that the case remained dismissed with prejudice. U.S. Bank filed a motion to reconsider and clarify the record, which the trial court summarily dismissed.

[8] U.S. Bank now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

[9] U.S. Bank challenges the trial court's denial of its motion to reconsider. A trial court may reconsider prior rulings through the careful exercise of discretion, and we will review its decision for an abuse of discretion. *Cherokee Air Prods., Inc. v. Burlington Ins. Co.*, 887 N.E.2d 984, 988 (Ind. Ct. App. 2008), *trans. denied*.

[10] As a preliminary matter, we observe that Modesitt has not filed an appellee's brief. Where an appellee fails to file a brief, we do not undertake to develop arguments on his behalf; rather, we may reverse upon a prima facie showing of reversible error. *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008). Prima facie error is error "at first sight, on first appearance, or on the face [of] it." *Id.*

[11] Here, U.S. Bank based its motion to reconsider on the trial court's reversal of its earlier order granting U.S.'s Bank's motion for leave to amend the complaint. "The stated policy of this court and our Supreme Court is to freely allow such

amendments [to pleadings] in order to bring all matters at issue before the court." *Rusnak v. Brent Wagner Architects*, 55 N.E.3d 834, 843 (Ind. Ct. App. 2016), *trans. denied*. Indiana Trial Rule 15(A) provides for one amendment as a matter of right in certain circumstances and otherwise allows a complaint to be amended by leave of the trial court, and "leave shall be given when justice so requires." In the latter circumstances, the trial court has broad discretion when ruling on whether to allow such amendments and should consider factors such as undue delay, bad faith, or dilatory motive by the movant or undue prejudice to the opposing party. *Gen. Motors Corp. v. Northrop Corp.*, 685 N.E.2d 127, 142 (Ind. Ct. App. 1997), *trans. denied* (1998) (citation omitted).[2]

[12] Here, U.S. Bank sought redress not in the form of a direct appeal following dismissal but through a motion for leave to amend its complaint. Although Modesitt did not file an appellee's brief, we glean from his filings below a claim that U.S. Bank could seek redress only through a direct appeal and not through an amended complaint. We disagree. Although the trial court's summary order of dismissal did not explain its basis for dismissal, the only basis not otherwise waived was under Trial Rule 12(B)(6) for failure to state a claim upon

---

[2] In *General Motors*, another panel of this Court affirmed the trial court's denial of the plaintiff's motion for leave to file a second amended complaint to add fraud claims where four years had passed since the initial complaint; two years had passed since the plaintiff's first amended complaint; and the plaintiff had failed to assert that it had discovered new evidence that might justify the delay in seeking the amendment. 685 N.E.2d at 142.

which relief can be granted.[3]  When the trial court issued its order denying U.S. Bank's motion for summary judgment and granting Modesitt's motion to dismiss, it dismissed the case *with* prejudice.  Trial Rule 12(B) states in pertinent part,

> When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule.

"Because the complaining party remains able to file an amended complaint, a dismissal under Trial Rule 12(B)(6) is *without* prejudice." *Hartig v. Stratman*, 729 N.E.2d 237, 239 (Ind. Ct. App. 2000) (emphasis added), *trans. denied* (2002).  "A Trial Rule 12(B)(6) dismissal becomes an adjudication on the merits only after the complaining party opts to appeal the order instead of filing an amended complaint." *Id.* (citation omitted).  Here, U.S. Bank filed its motion for leave to amend the complaint thirteen calendar days after the date of the dismissal order.  Because the record is silent as to when notice of the court's dismissal order was served on U.S. Bank and weekend days potentially came into play, it is impossible to know with certainty whether U.S. Bank's Monday

---

[3] Modesitt failed to raise res judicata or lack of personal jurisdiction as affirmative defenses in his answer or counterclaim and therefore waived those issues. *See Paint Shuttle, Inc. v. Cont'l Cas. Co.*, 733 N.E.2d 513, 525 (Ind. Ct. App. 2000) (to avoid waiver, defendant/respondent must include within its responsive pleading any affirmative defense it seeks to assert), *trans. denied* (2001).  Even so, res judicata does not apply where BNY sought and was granted a voluntary dismissal without prejudice in the 2008 litigation. *See Zaremba v. Nevarez*, 898 N.E.2d 459, 463 (Ind. Ct. App. 2008) (dismissal without prejudice is not determination of merits of complaint and does not bar later trial of issues).

filing fell within the ten-day period outlined in Trial Rule 12(B)(6). In its motion for leave to amend, U.S. Bank submits that its filing date of July 18, 2016, falls within the ten-day period for an amendment "as of right." Appellant's App. Vol. 3 at 6. Whether as of right or discretionary, U.S. Bank's filing put the trial court on notice of its intent to opt for an amendment instead of appealing the dismissal. As such, the trial court erred in entering dismissal *with* prejudice.

[14] In its motion for leave to amend, U.S. Bank sought to add BNY as a party, add a count for fraud against Modesitt for the alleged fraudulent recording of an assignment from Aegis to BNY, and "correct a title issue that was unrecognized at the commencement of this lawsuit," namely, that Modesitt's February 2016 recording of the 2008 BNY assignment was an attempt to make that assignment (as opposed to U.S. Bank's assignment) appear to be the one within the proper chain of title. *Id.* at 5-7. In its initial order granting U.S. Bank's motion for leave to amend the complaint, the trial court found that the motion was "made for good cause" and that the amended complaint was "deemed filed" as of July 19, 2016. *Id.* at 61.

[15] On August 5, 2016, Modesitt filed a motion for extension of time to file his responsive pleading to U.S. Bank's amended complaint. *See id.* at 115 ("Defendant now moves the Court to grant them an additional sixty (60) days in which to file said *responsive pleading*." (Emphasis added.)). The trial court granted the motion, giving Modesitt until October 7, 2016, to file his responsive pleading. However, Modesitt's October 7 "response" was not a responsive

pleading/answer. Rather, it amounted to legal argument in opposition to the previously granted motion for leave to amend the complaint. *See id*. at 124 (Modesitt's concluding statement that U.S.'s Bank's "request for leave to amend their previously dismissed complaint must be denied."). Instead of treating Modesitt's filing as a nonconforming responsive pleading, the trial court signed a summary order decreeing, "1. That Plaintiff's Motion for Leave to File Amended Complaint is hereby DENIED; 2. That the above captioned cause remained Dismissed WITH Prejudice, as previously stated in the Court's Order from July 05, 2016." *Id*. at 126.

[16] Faced with conflicting orders, U.S. Bank filed a motion to reconsider and to clarify the record. In this motion, U.S. Bank correctly observes that it previously sought and was granted leave to amend the complaint pursuant to Trial Rule 15(A), and the attached amended complaint was deemed filed. It further explains that both Modesitt's motion for extension of time and the trial court's order granting that motion were expressly to facilitate Modesitt's filing of a *responsive pleading* to the already-filed amended complaint, not a brief in opposition to the previously-granted motion to amend the complaint. The trial court summarily denied U.S. Bank's motion to reconsider without ruling on or mentioning its motion for clarification.

[17] Although the trial court is not required to enter findings sua sponte when ruling on motions such as the ones filed in this case, such findings offer us valuable insight into the trial court's rationale and help facilitate our review. *Warren v. Warren*, 952 N.E.2d 269, 273 (Ind. Ct. App. 2011). From the record before us,

it is difficult to determine the basis of several of the trial court's rulings. The record indicates that following dismissal, U.S. Bank promptly requested leave to amend its complaint based on the discovery of evidence concerning the sudden recording of BNY's assigned interest years after BNY obtained its interest. In other words, evidence surfaced implicating Modesitt in the belated recording of a previously unrecorded interest that was outside the chain of title. *See* Appellant's App. Vol. 2 at 167, 201 (two copies of Aegis' 2008 assignment to BNY, the first bearing no stamp indicating recordation in the county recorder's office and the second with a stamped recording date of "02/04, 2016"); Appellant's App. Vol. 3 at 60 (receipt from county recorder identifying Modesitt as payor of cash recording fee on "02/04/2016"). Because the new allegations are crucial to answering the fundamental question of which lender's assigned interest was within the proper chain of title, the trial court's unexplained reversal of its previous order permitting the filing of the amended complaint bears explanation and reconsideration.

[18]  We conclude that U.S. Bank has met its burden of demonstrating prima facie error and is entitled to reconsideration and clarification of the trial court's reversal of position on its amended complaint. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

[19]  Reversed and remanded.

Mathias, J., and Altice, J., concur.